Low *v.* STATE.

(*Knoxville.* November 9, 1901.)

1. EVIDENCE. *Implied confession.*

It is competent to prove, as an implied confession of guilt, that the defendant in a criminal case was accused of the commission of the offense and remained silent.

Cases cited: Kendrick *v.* State, 9 Hum., 723; Deathridge *v.* State, 1 Sneed, 80.

2. SAME. *Same.*

But if the defendant denies such accusation at the time it is made, the same is not competent.

3. INDICTMENT. *Indorsement of "true bill."*

The objection that the indictment copied into the record fails to show that it was indorsed a "true bill," may be obviated by a supplemental transcript showing that fact filed after the argument.

Appeal in error from the Circuit Court of Scott County. W. R. HICKS, J.

E. E. HOUK, S. E. YOUNG and WM. E. YORK for Low.

Attorney General PICKLE for State.

CALDWELL, J. Riley Low is under sentence of death for the murder of his young step-son, Louis Mullins, by poisoning.

At the trial, the grandmother of the child testified that he stated to her, in the presence and hearing of the defendant, that he had administered the poison, and that the defendant remained silent. She also testified that when the child died, his mother brought the same accusation against the defendant, and that he positively denied it.

The former of these statements by the witness was competent testimony; the latter was incompetent.

If a man be accused of an offense, and, hearing the accusation, neither admit nor deny it, when he should know the truth and may speak, proof of the imputation having been made, and of his silence, is competent as an implied admission, or a circumstance tending to show his guilt; but if he make positive denial, the imputation constitutes a mere unsworn charge, and proof of it has no legal force or competency. *Kendrick* v. *The State,* 9 Hum., 723; *Deatheridge* v. *The State,* 1 Sneed, 80.

The Court not only made the mistake of admitting the incompetent testimony mentioned, but, in the charge upon the law of the case, expressly submitted it to the consideration of the jury with-

Low *v.* State.

out any instruction as to its effect, or the legal force of the defendant's denial.

Having been erroneously admitted in the first instance, the incompetent testimony should afterwards have been withdrawn in the charge.

We express no opinion on the facts of the case, but place our reversal entirely upon the errors indicated.

The objection that the indictment copied into the transcript does not contain the endorsement, "A True Bill," is removed by a supplemental transcript supplying that defect. This is true, though the supplement has been made and filed since the argument of the case in this Court.

Reversed and remanded.