CUTLER v. GRAND RAPIDS, GRAND HAVEN & MUSKEGON RAILWAY CO.

STREET RAILROADS—COLLISIONS—PERSONAL INJURIES—MOTORMAN —CONTRIBUTORY NEGLIGENCE.

Plaintiff, a street-car motorman, running his car at the rate of three to four miles per hour, on a dark foggy morning, his headlight burning and gong continually sounding, saw defendant's car coming on the same track when at the distance of 40 feet, but, despite his efforts to stop, a collision occurred, resulting in injuries to himself.   Defendant's car displayed no light and gave no signal.   Plaintiff was accustomed to meet defendant's car in the vicinity, but not always at the switch which he had just passed. *Held*, that plaintiff was not, as matter of law, guilty of contributory

negligence in that he ran his car at such a rate of speed that he could not stop within the range of his vision, there being evidence that he could so stop, nor because he did not let down the windows of his vestibule at the switch and listen for defendant's car.

Error to Kent; Perkins, J. Submitted January 22, 1907. (Docket No. 30.) Decided March 26, 1907.

Case by Otis E. Cutler against the Grand Rapids, Grand Haven & Muskegon Railway Company for personal injuries. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Carroll, Kirwin & Hollway* (*Nims, Hoyt, Erwin & Vanderwerp*, of counsel), for appellant.

*Taggart & Taggart*, for appellee.

Carpenter, J. Plaintiff was employed as a motorman upon a street railway operated in the city of Muskegon by the Muskegon Traction & Lighting Company. He was injured by a collision upon the tracks of said traction company between the car he was operating and a car operated by the defendant. He brought this suit to obtain compensation for said injury, and recovered a verdict and judgment in the trial court.

The ground upon which we are asked to reverse that judgment is that the trial court erred in not directing a verdict in defendant's favor, because of plaintiff's contributory negligence. Can the court say, as a matter of law, that plaintiff was guilty of contributory negligence? That is the only question we are asked to determine. Its determination requires a more complete statement of the case—and we make this statement, as we should, most favorably to plaintiff. The collision occurred soon after 7 o'clock on the morning of the 3d of November, 1904, on Western avenue, at or near the point where it is intersected by Fifth street. There was at that time a dense fog which seriously interfered with the view of the motor-

man. The car operated by plaintiff was proceeding in a southwesterly direction on Western avenue. It was on its regular time, and it had the right of way. The car operated by defendant was proceeding in an opposite direction and on the same track. This car carried freight and mail between Grand Rapids and Muskegon. It had a schedule time for leaving Grand Rapids—that was 3:30 a. m. It had no schedule time for its return trip—and it was on its return trip when the collision occurred—for the reason (to quote from the testimony of defendant's general manager) "that in doing their [the employés'] work of loading and unloading freight we cannot depend upon their making any specific time;" but it was apparently customary to start on the return trip a little before 7 a. m.

"Occasionally, about once each week, the traction company's car upon which the plaintiff worked met and passed this car of defendant at the Fourth street switch (a switch which plaintiff had left just a moment before the collision occurred) at about the hour of 7 o'clock in the morning. At other times these cars met and passed at other points on the road within the city limits at or about the same hour in the morning." (The above quotations are taken from the charge of the court to the jury.)

Plaintiff at the time of the collision was running at the rate of three or four miles an hour. The headlight of his car was lighted, 'and he was continually sounding his gong. He saw defendant's car when it was about 40 feet away. It displayed no light, and it gave no signal. He immediately reversed his power and put on the brakes; but he was unable to avert the collision and the injuries which resulted to him in consequence thereof. That these facts afforded evidence of defendant's negligence is apparent and conceded; but it is contended that plaintiff was guilty of contributory negligence for two reasons which we will discuss and consider separately:

(1) That he was running his car at the time the collision occurred at such a rate of speed that he could not stop within the range of his vision. We dispose of this con-

tention by saying that this was a question of fact for the jury. There was evidence that at the rate of speed plaintiff was running his car he could have stopped it within the range of his vision.

(2) It is contended that plaintiff should have stopped at the switch, and let down the windows of the vestibule —within which he was seated—and listened for the purpose of ascertaining whether defendant's car was approaching. We answer this contention by saying that this, too, was a question for the jury.

Under the facts in this case we cannot say, as a matter of law, that there was such a probability of the approach of defendant's car that plaintiff was bound to exercise this unusual precaution. Moreover, it is not certain that if plaintiff had taken this precaution he would have heard the car. He testified in answer to a question by defendant's counsel: "I don't think I would have heard it unless they had blown their whistle." The trial court very properly determined that this was a question for the jury.

The judgment is affirmed.

BLAIR, MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.