CLARA MUMFORD, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion filed Nov. 23, 1915.

1. An accusation, not a part of the *res gestae,* made in the presence of the accused and promptly denied, is hearsay and inadmissible.

2. Accusatory statements, made in the presence of the accused, are inadmissible when the circumstances show that the accused probably neither heard nor comprehended the statements.

Writ of Error to Circuit Court, Seminole County; Jas. W. Perkins, Judge.

Judgment reversed.

*Ernest F. Housholder and George N. Rigby,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

. COCKRELL, J.—Clara Mumford was convicted of the murder of her husband, Clarence Mumford, by cutting his throat with a razor, and by reason of the jury's recommendation to mercy, she was sentenced to life imprisonment.

That she did the cutting is admitted, and it is also clearly shown that she herself was shot in the head by her husband, and also seriously bruised and beaten by him. The vital issue was as to whether the cutting or the shooting occurred first.

Clara is practically the only eye-witness who undertakes to say when the cutting was done, and her testimony, if believed, would make out a clear case of self defense. The difficulty took place late at night, and the first known of it to other than these two and a child too young or ignorant to testify, was when the noise of the gun and the woman's screams aroused the neighbors from their sleep.

The physician, who attended both the husband and the wife, was permitted over proper objections duly interposed to testify as to a statement alleged to have been made by the husband when on the operating table, to the effect that Clara cut him with the razor before he shot her. The State wholly failed to make this statement competent as a dying declaration, and it was admitted supposedly upon the theory that the statement was made in the wife's presence. The physician testified, however, that the husband's statement was promptly contradicted by the wife. In common with other courts we have recognized the admissibility of statements made in the presence of

the accused as being admissible, an exception to the hearsay rule, but these statements may come under the heading of admissions from silence. No court, so far as we are advised, has held that an accusation, promptly denied, may be considered an assent by silence. As Prof. Wigmore observes: "It ought not to be necessary to note that the party's *denial* of the third person's statement destroys entirely the ground for using it." 2 Wigmore on Evidence 1072 (4th ed.) citing People v. Morton, 139 Cal. 719, 73 Pac. Rep. 609; State v. Robinson, 51 La. Ann. 694, 25 South. Rep. 380; Brown v. State, 78 Miss. 637, 29 South. Rep. 519; Low v. State, 108 Tenn. 127, 65 S. W. Rep. 401.

Other testimony as to statements made by the husband, accusing the wife, was inadmissible because the evidence clearly showed that she, though in the same room with her husband, was lying down upon a bed, with her head full of shot, blinded by blood and screaming lustily; the State did not make a sufficient showing of a probability that she heard, much less comprehended the statement.

The State's case is not sufficiently strong to induce us to minimize these errors, and the judgment is reversed.

TAYLOR, C. J., and SHACKLEFORD, WHITFIELD and ELLIS, JJ., concur.