JAMES AUTREY, ALIAS JIMMIE, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Division A.

Opinion Filed July 14, 1927.

Petition for Rehearing Denied October 3, 1927.

*Gordon R. Broome* and *H. C. Nicholas,* both of Miami, for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant, for State.

STRUM, J.—Upon an indictment charging the offense of rape, plaintiff in error, who will hereinafter be referred to as the defendant, was convicted of assault with intent to commit rape, and has taken writ or error to the judgment of conviction.

The principal point relied on for reversal is the question of identity of the defendant.

The prosecutrix testified at the trial, but was not asked by the State to identify the defendant as the person committing the assault, a circumstance diligently stressed by the defendant upon this writ of error in his argument upon the question of the sufficiency of the evidence of identity.

Between two and three weeks after the commission of

the offense the defendant, together with a companion, was apprehended in Pensacola and returned in custody to Miami, charged with the offense in question. Shortly after his return to Miami the defendant was questioned by a member of the police force of that city under circumstances which indicate no improper inducements or influences. This conversation related to incidents occurring at the home of the prosecutrix on the night of the offense in question, amongst which was the theft of some clothing.

In custody of a deputy sheriff, and accompanied by the member of the Miami police force above referred to, the defendant was then taken to the home of the prosecutrix, where, according to the testimony of the police officer just referred to, the following incidents occurred:

"Q. When he (the defendant) got over to the house what did he say or show you?

A. Well, he didn't say anything until after we had got into the room where Mrs. S. was.

Q. All right; what did he do or say?

A. He went in there and stood at the foot of the bed and Mrs. S. got up and looked at him and looked at me and pointed her finger at him and said, 'You are the man.' Then they had him go out from the window to the right from where she was and walk towards her, and when he came up close to her she again said, 'You are the man.'

Q. Do you know where Autrey (the defendant) is now?

A. In the courtroom here.

Q. Which man is he?

A. The man sitting right there.

Q. Well, which one? Come over and point him out.

A. This man here (indicating).

Q. Is that the man that Mrs. S. identified to you in her

bedroom in the presence of Deputy Sheriff Kennedy and her two sons as being the man who raped her?

A. Yes, sir.

Q. Is that the man that told in your office after you warned him that he was in the house of Mrs. S. on the night of November 3, 1926, and that he stole some clothes from it?

A. Yes, sir.''

The incidents and conversation just related in the testimony of the police officer were also testified to in substance by the Deputy Sheriff who was present.

No objection was interposed by the defendant to any of the testimony referred to.

The evidence shows that neither at the time of the accusatory statements above set out, nor at any subsequent time, did the accused deny or dispute them, nor did he make any comment thereon, other than the equivocal statement, as testified to by the deputy sheriff, that defendant said he was in the front room of the house but denied having been in the back room, the testimony tending to show that the attack on the prosecutrix occurred in the latter room. The defendant appears to have been at liberty to speak and subjected to no restraint.

The defendant contends that the testimony of the police officer and the deputy sheriff as to the identification of the defendant by the prosecutrix was not admissible as an admission by silence on the part of the defendant, because the defendant did not understand that he was being accused of rape and that the circumstances and statements were not such as to reasonably call for a reply from him. The defendant also contends that the entire testimony of these witnesses, relating to the identification, was hearsay.

The rule concerning the admissibility of evidence relating to an admission of guilt by acquiescence or silence or

other conduct, and the exceptions thereto, is well stated in 16 C. J. 631, as follows:

"Where, on being accused of crime, with full liberty to speak, one remains silent, his failure to reply or to deny is relevant as tending to show his guilt; and the accusatory or incriminating statement is admissible, not as evidence of the truth of the fact stated, but to show accused's admission by silence. Silence alone however raises no legal presumption of guilt. Its effect is for the jury, and from it, in connection with other facts and circumstances, they may infer that accused is guilty. The probative force of this kind of evidence is not great, and it is to be received with caution. * * * * For the silence of accused to be competent evidence against him, or at least to be entitled to weight, as an admission of the truthfulness of the statements of others made to him or in his presence, the circumstances and statements must have been such as naturally and reasonably to call for a reply by him; and it also must appear affirmatively that he had an opportunity or right under the circumstances of the case to deny the truthfulness of the charges made against him."

The rule just stated, and its exceptions, have been approved in effect by this Court. See Mumford v. State, 70 Fla. 424, 70 South. Rep. 399; Salon v. State, 70 Fla. 622, 70 South. Rep. 603; Sumpter v. State, 45 Fla. 106, 33 South. Rep. 981. See also Vaughn v. State (Ala.), 30 South. Rep. 669; Jackson v. State (Ala.), 52 South. Rep. 835; People v. Amaya, 66 Pac. Rep. 794; State v. Lovell, 138 S. W. Rep. 523; 16 C. J. 631 (1256), and cases cited. Of course, the prompt denial by the accused of such accusatory statement destroys entirely the ground for admitting it. See Mumford v. State, *supra.* Likewise when the accused is restrained from making a denial by fear or other sufficient cause, or refrains upon advise of counsel,

no inference or assent can be drawn from such a silence, and the testimony thereof is admissible.

The defendant's contention that when the accusatory statements were made he could not and did not reasonably understand that he was being accused of the crime of rape, but that on the contrary the facts were consistent with a belief on his part that he was being accused of a theft committed at about the same time of the rape, is effectively met by the following question and answer:

"Q. Is that the man Mrs. S. identified to you in her bedroom in the presence of Deputy Sheriff Kennedy and her two sons as being the man who raped her?

A. Yes, sir."

As it related merely to an extra-judicial identification of the accused by another person, as distinguished from the making of accusatory statements in the presence of the accused to which he assents by silence, and as the identification by such other person was not under oath and was made under such circumstances as to afford no opportunity for cross examination, the latter question and answer, taken alone, is probably hearsay even though such identification was made in the presence of the accused. It is so held by many able courts. See Hopt v. Utah, 110 U. S. 574, 28 L. Ed. 262; Warren v. State, 146 S. W. Rep. 477; Ann. Cas. 1914-B 698; People v. Luckoszus, 89 N. E. Rep. 749; State v. Egbert, 111 N. W. Rep. 191; State v. Kysilka, 87 Atl. Rep. 79, Aff. 90 Atl. Rep. 309, 16 C. J. 625 (1339), 8 R. C. L. 183 (175); 22 R. C. L. 1200 (35), and cases cited. It is unnecessary, however, for us to here decide the point because no objection to the testimony was interposed by the defendant. See Warren v. State, *supra*.

There is ample evidence from which the jury could have found that an assault with intent to rape was made upon prosecutrix, if indeed the major crime was not consum-

mated. The mere silence of the accused at the time of the accusatory statements made by the prosecutrix would not alone be sufficient to establish the identity or guilt of the defendant when unsupported by other facts or circumstances. It is however, a relevant circumstance that may be considered in connection with the other facts established by the evidence. Its probative value in connection with other facts is largely for the jury. The following testimony upon the question of identity also appears in the testimony of prosecutrix:

"Q. Now, when did you see that man again? (Referring to the man who assaulted her).

A. Why, I seen him when they brought him in there for me to identify him. I never seen him no more.

Q. About how long after that was it?

A. Oh, I can't remember. I was so sick about that time. I was so nearly crazy and excited I couldn't just keep no account.

Q. But it was several weeks after?

A. I think it was. I think it was."

When the testimony concerning the accusatory statements and defendant's silence, admitted without objection, is taken in connection with the testimony of the prosecutrix last quoted, and in connection with the unexplained admission of accused that he was in and around the home of the prosecutrix on the night she was assaulted, and at about the time of the assault, though he was not a resident of that home, and, so far as appears from the record, had no lawful mission there; his flight, knowing he was being sought by the police, and his subsequent attempt to alter his appearance by growing a moustache; the testimony of the police officer, admitted without objection, that defendant was the man the prosecutrix identified as the man who raped her, and when taken in connection with the

other facts and circumstances established by the evidence, we are unwilling to hold, particularly in view of the fact that the verdict has been approved by the trial judge, that the evidence is insufficient to support the verdict, even though some of the circumstances just referred to would be insufficient, standing alone, to establish guilt.

Other assignments presented have been carefully examined, but no reversible error discovered.

The judgment is affirmed.

ELLIS, C. J. AND BROWN, J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.