89 So.2d 342 (1956)
Phillip ALBANO, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida. En Banc.
September 7, 1956.
Frank Ragano and Edward I. Cutler, Tampa, for appellant.
*343 Richard W. Ervin, Atty. Gen., and Moie J.L. Tendrich, Asst. Atty. Gen., for appellee.
THORNAL, Justice.
Appellant Albano seeks reversal of a judgment of conviction entered pursuant to the verdict of the jury finding him guilty of violations of the lottery laws.
The questions to be determined are whether the trial judge properly allowed evidence to the effect that while in custody the appellant remained silent when accused of the violations by two witnesses, allegedly accomplices, and whether the trial judge properly charged the jury with reference to the weight to be given to evidence with reference to the failure of an accused to deny his guilt under such circumstances.
By direct information Albano was charged in four counts with violation of the lottery laws, Section 849.09, Florida Statutes, F.S.A. In summary the charges were: (1) that he did unlawfully set up and conduct a lottery for money, (2) that he did unlawfully dispose of money by means of a lottery, (3) that he did unlawfully have in his possession certain implements and devices for conducting a lottery, and (4) that he did unlawfully have in his possession certain tickets in a lottery for money.
Two Negroes were apprehended and after search, they were found to be in possession of numerous bolita tickets and substantial sums of money. They advised the deputy sheriffs that they worked for Albano. The latter was thereupon apprehended after his grocery store and attached shed were thoroughly searched with his consent, and in the course of which search substantial numbers of bolita tickets were found. Albano was taken to the "squad room" of the County Jail where the two Negroes, in his presence, again admitted their activities as salesmen and pickup men in the bolita business and stated that they worked for Albano. They also later testified to the same thing and further that they accounted for the tickets to him, turned over all the money to him and in exchange for their services received fifteen percent of the gross sales. It is obvious from the record that they did a flourishing business. When thusly accused in the "squad room", Albano remained silent although previously he had consistently denied any connection with the bolita business.
At the trial testimony was admitted to the effect that when accused by the Negroes in the squad room, the defendant stood mute. In addition to this, however, both Negroes testified at great length and in detail as to their activities as salesmen and pickup men for the defendant. The incriminating evidence found in the defendant's grocery store was likewise admitted in evidence. In fact, the record at the trial was thoroughly saturated with evidence of the guilt of the appellant who offered no evidence whatsoever in his own defense to overcome the substantial amount of evidence offered by the State to establish his guilt.
The jury found the appellant guilty on all four counts, a new trial was denied and the judgment entered sentencing him to a term in the state prison. Reversal of this judgment is sought by this appeal.
Appellant contends that the judgment should be reversed because it was error to allow the evidence with reference to his failure to deny his guilt when accused by the incriminating witnesses while he was in custody and also that the trial judge should have instructed the jury that such evidence should be received with great care and caution.
The State seeks to sustain the conviction and ensuing judgment by maintaining that the evidence in question was properly admissible, that even if it wasn't it was not objected to at the trial, that the charge given by the judge was correct and that even if it were not, the failure to charge *344 the jury in the detail requested by the appellant was harmless error.
Although there has been a tendency on the part of some courts to refuse the admissibility of evidence as to the failure of an accused to deny or dispute accusations of guilt when he has an opportunity or right to do so, this court has committed itself to the rule that when one in custody accused of a crime has full liberty to speak and remains silent in the presence of accusations of his guilt, then evidence of such silence may be considered with other facts and circumstances established by the evidence as tending to show guilt. While silence alone certainly raises no legal presumption of guilt, its effect is for the jury which under proper instructions may consider it in connection with other facts and circumstances as some evidence of guilt. See Autrey v. State, 94 Fla. 229, 114 So. 244.
Obviously, the prompt denial by the accused of such accusatory statements destroys entirely the ground for admitting it. Here the appellant stood mute when so accused. While adhering to the rule above announced, we should point out further in disposing of this question on this particular record that the evidence in question was permitted at the trial in several instances without the slightest objection by the defendant. The actual allowance of this evidence in this case therefore is not available to this appellant as a basis for assaulting the verdict and judgment.
In Autrey v. State, supra, we did hold to the rule that the probative force of this kind of evidence is not great and it is to be received with caution. In the case at bar the appellant requested the trial judge to instruct the jury to this effect. The requested instruction was refused. The judge properly advised the jury that the failure of the accused to take the witness stand in his own defense could not be considered by them as any evidence of his guilt. He likewise adequately instructed the jury on the presumption of innocence and the burden on the State to prove guilt beyond a reasonable doubt.
In regard to the evidence of the silence of the appellant when accused by his accomplices, the trial judge told the jury that "when the defendant was confronted by witnesses and statements were made in his presence that he could hear, if you believe he heard them, you are entitled to consider his failure to deny as some evidence of his guilt". He then added: "How much weight, is entirely up to you." He did not, however, advise the jury that the probative force of this kind of evidence is not great and that it should be received with caution.
We are of the view that under the rule announced by this court in Autrey v. State, supra, the trial judge should under such circumstances advise the jury on the probative weight of the evidence and the caution with which it should be received. In the case before us if the State had relied for a conviction entirely, or even primarily, on the failure of the defendant to deny the accusations of his accomplices, we would be inclined to hold that the failure to instruct the jury on the probative weight of this type of evidence would constitute reversible error. However, a thorough examination of this record leads us to the inescapable conclusion that the State succeeded by the overwhelming weight of competent evidence to establish the guilt of the appellant beyond all possible reasonable doubt. The testimony of the law enforcement officers, combined with the testimony of the two Negro accomplices, all of which was uncontradicted, and the credibility of which was in no way reflected upon except for the fact that the Negroes were admittedly accomplices, certainly pointed to the conclusion of guilt reached by the jury.
In this case it is entirely appropriate to apply the provisions of Section 924.33, Florida Statutes, F.S.A. which are to the effect that no judgment shall be *345 reversed unless, after an examination of all of the appeal papers, this court is of the opinion that error was committed which injuriously affected the substantial rights of the appellant. We have under similar circumstances applied the same rule in other cases. For example, in Thompson v. State, 154 Fla. 323, 17 So.2d 395, a capital case, we held that under the circumstances there revealed which showed that other evidence was sufficiently convincing to sustain a verdict, regardless of the confessions of the accused, the case would not be remanded for a new trial even though the trial judge failed to direct the jury that the confessions there "should be received and considered with great caution". See also Bryant v. State, 89 Fla. 26, 103 So. 170; and Kelly v. State, 145 Fla. 491, 199 So. 764.
Similarly in the case at bar we hold that the failure of the trial judge to instruct the jury on the probative weight of the evidence in question although technically error was necessarily harmless because of the overwhelming evidence of guilt otherwise appearing in this record.
For the reasons stated, the judgment is 
Affirmed.
DREW, C.J., and THOMAS and O'CONNELL, JJ., concur.
HOBSON, J., and MILLEDGE, Associate Justice, dissent.
ROBERTS, J., not participating.
MILLEDGE, Associate Justice (dissenting).
The defendant was tried for the crime of operating a lottery.
At the trial the state, without objection, offered evidence that the defendant, in the custody of the sheriff's deputies, remained silent as two men repeated to the deputies, within the hearing of the defendant, their former statement that the men as the defendant's employees sold bolita tickets. Because this evidence was not objected to no error was or could be assigned for admitting it.
I think that the question now before the court is the propriety of the charge to the jury concerning this kind of evidence. The trial judge told the jury that they could consider the defendant's silence as evidence of guilt, the weight of which was entirely for the jury to decide. In my opinion, the defendant was entitled, at the very least, to an instruction to the jury based on Autrey v. State, 94 Fla. 229, 114 So. 244, that silence alone raises no legal presumption of guilt; that such evidence must be received with great caution for the probative force is not great. The jury should, I believe, also have been told that for such evidence to be given any weight they would have to find that the defendant could reasonably be expected to deny the accusatory statements. This was important in view of the testimony that the defendant repeatedly denied his guilt to the arresting officers, although he did not do so in the presence of his accusers. The charge given was objected to and a requested charge based on the Autrey case was refused. I think that the harmless error statute is not applicable for the jury's verdict may well have been influenced by the charge. Simmons v. State, 139 Fla. 645, 190 So. 756, shows how strongly the public policy of Florida opposes the idea that silence is an admission of guilt.
HOBSON, J., concurs.