TAYLOR, Associate Justice.
Charles Lamár Douglas was convicted of the murder in the first degree of one Jack Johnson and has appealed.
The evidence on behalf of the State is entirely circumstantial.
Numerous assignments of error relate to the admission, over defendant’s objections, of evidence of statements made by others in the presence of the accused.
The law on this subject is stated in prior decisions of this Court as follows:
“In Autrey v. State, 94 Fla. 229, 114 So. 244, 245, Mr. Justice Strum stated the rule to be:
“ ‘Where, on being accused of crime, with full liberty to speak, one remains silent, his failure to reply or to deny is relevant as tending to show his guilt; and the accusatory or incriminating statement is admissible, not ás evidence of the truth of the fact stated, but to show accused’s admission by silence. Silence alone, however, raises no legal presumption of guilt. Its effect is for the jury, and from .it, ■ in connection with other facts and circumstances, they may infer that accused -is guilty. The probative force of this kind of evidence is not great, and it1 is' to be received with caution. * * ■ *• For the silence- of accused to be competent evidence against him, or at least to be entitled to weight, as an admission of the truthfulness of the statements of others made to him or in his presence, the circumstances and statements must have been such' as naturally and reasonably to call for a reply by him; and it also must appear affirmatively that he had an opportunity or right under the circumstances of the case to deny the .truthfulness of the charges.made against him.”
“And said:
“ ‘The rule just stated, and its exceptions, have been approved in effect *661 by this court. See Mumford v. State, 70 Fla. 424, 70 So. 399; Salon v. State, 70 Fla. 622, 70 So. 603; Sumpter v. State, 45 Fla. 106, 33 So. 981. See, also, Vaughn v. State, 130 Ala. 18, 30 So. 669; Jackson v. State, 167 Ala. 44, 52 So. 835; People v. Amaya, 134 Cal. 531, 66 P. 794; State v. Lovell, 235 Mo. 343, 138 S.W. 523; 16 C.J. 631(1256), and cases cited. Of course, the prompt denial by the accused of such accusatory statement destroys entirely the ground for admitting it. See Mumford v. State, supra. * * * Handley v. State, 125 Fla. 632, 170 So. 748, 754.
It is necessary to consider in detail only one item of the testimony admitted over the defendant’s objections. The body of the deceased was not found until some weeks after his death. A witness, Sammie Mitchell,' testified on behalf of the State about a conversation between the defendant, Charles Lamar Douglas and defendant’s father, Tom Douglas, which occurred after the disappearance of Jack Johnson but before the discovery of his body. During the course of his examination the witness testified as follows:
“Q. All right, now, son, go ahead and state just what Tom, said now. A. Tom asked him, said, ‘Lamar, what did you do with Jack Johnson?’ Lamar told him that he was still around and he said, ‘No, he ain’t, you killed him, didn’t you?’ And Lamar said, ‘No, he’s around,’ and he took off.
“Q. And he left? A. Yes.”
The admission of this testimony clearly violates the rule above stated. There could be no more definite, positive and specific denial of guilt in answer to the question “You killed him, didn’t you?” than the reply given by the defendant— “No.” The addition of the words “he’s around”, is a further denial of guilt. If the man had been killed, he could not be “around”.
The State relies strongly upon a statement from 22 C.J.S., Criminal Law, § 734, p. 1266, that the rule admitting evidence of charges made to the defendant “is also applicable, notwithstanding accused’s prompt and full denial of guilt, if, in addition and in an attempt to avoid the effect of the accusation, he makes a statement which is calculated to deceive or is subsequently shown to be false.”-
Without approving or disapproving this statement of law, we hold that it is not applicable here. ' The words “he’s around” are too vague an explanation to justify an application of the rule. They partake too much of the nature of an expression of opinion. The only way that, the falsity of this statement could be established was by proof of the defendant’s guilt of the crime. The body had not been found when the statement was made. The only person who had knowledge of the death of Jack Johnson and who killed him was the person guilty of the crime. Therefore, the only person who knew that Jack Johnson was not “around” was the person guilty of the crime. It follows that the only way to prove the falsity of this statement was to prove the defendant guilty of the crime. A circumstance which is dependent upon proof of defendant’s guilt for its eviden-tiary value does not tend to prove guilt.
This is quite different from a case in which one accused of crime might deny guilt and then offer a false alibi, a false denial that he owned a weapon of the type employed .in committing the crime or a similar statement that could be disproved independently of the proof of the commission of the crime by the defendant. Under such circumstances evidentiary value could be given proof of the false statement and proof of its falsity as a separate circumstance tending to show defendant’s guilt.
We cannot hold that the error in receiving this evidence was harmless. The State’s case was based upon circumstantial evidence. - The fact that the accused’s own *662 father apparently believed him guilty and accused him of the crime was a circumstance of such a highly prejudicial nature that under the circumstances the harmless error rule cannot be applied.
Reversed for a new trial.
DREW, C. J., and TERRELL apd THORNAL, JJ., concur.