RICHARD MARTIN, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed June 25, 1914.

1. In a prosecution on an indictment for murder in the first degree, it is not error to admit over a general objection that it is "immaterial and irrelevant" testimony as to a previous difficulty shortly before the homicide, which evidence contains some statements of the circumstances of the previous difficulty that tended to show a premeditated design to kill the deceased as charged; and a verdict of murder in the second degree does not render the ruling erroneous.

2. Evidence of an experiment should be received with caution, and should be admitted only when it is obvious to the court from the nature of the experiments that the jury will be enlightened rather than confused.

3. If in the discretion of the trial court proffered evidence of an experiment is rejected the appellate court will not review the ruling unless an abuse of discretion appears.

4. Where fundamental rights are not invaded and it is not clearly shown that the trial court abused sound discretion in admitting testimony that may fairly tend to test the credibility of a witness, or it does not appear that the purpose or

effect of the testimony is merely to degrade the witness or to injure him before the jury, the action of the trial court will not be disturbed.

Writ of error to Circuit Court for Holmes county; D. J. Jones, Judge.

Judgment affirmed.

*Price & Price, Smith & Davis* and *A. W. Weeks,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State. *J. W. Kehoe* assisting State in oral argument.

PER CURIAM.—Richard Martin was indicted for murder in the first degree for the homicide of Charlie Stevens by fatally shooting him, and convicted of murder in the second degree. Self defense was the theory of the defense interposed. A writ of error was taken.

The defendant was the aggressor in a difficulty with the deceased earlier in the day of the homicide, and later in the day the defendant had a shooting encounter with the father of the deceased during which encounter the deceased was not present. Just after this the deceased came upon the scene and was fatally shot by the defendant, the deceased being unarmed, except, as claimed by the defense, with a pocket knife.

Testimony was admitted as to a difficulty which occurred previously on the same day between the deceased and the defendant. In this testimony are statements as to the circumstances of the previous difficulty, which may not have been necessary in proving the fact of a previous difficulty between the parties, but the objections were

that "the details of a prior difficulty would be immaterial and irrelevant," and the motion to strike was general "as to any details of any difficulty that might have occured between the defendant and Charley Stephens prior to the time of the difficulty in which Stephens lost his life as being errelevant and immaterial."

Even if it can be said on this record that the evidence admitted as to the circumstances of the previous difficulty so related to the merits of such difficulty as to violate a rule of evidence, it does not clearly appear that the over-ruling of the general and indefinite objections and motion to strike constitute harmful and reversible errors when the peculiar circumstances of this case are considered. The circumstances testified to tended to show a premiditated design to kill the deceased with which the defendant was charged; and the fact that the jury found the defendant guilty of murder in the second degree instead of murder in the first degree as alleged in the indictment, does not make the ruling of the court upon the evidence erroneous.

It is contended that the court erred in refusing to allow experiments to be made and to admit evidence of experiments made, to show how near the defendant's pistol must have been to the deceased when the fatal shot was fired. There is evidence that when the fatal shot was fired, the powder from the pistol set fire to the shirt then worn by the deceased; and the defense was that the deceased was advancing upon the defendant with a knife and was close enough to have his shirt burned by the discharge of the pistol and consequently did actually endanger the defendant, so as to justify the shots fired at him as being in legal self defense.

Evidence of an experiment should be received with caution, and should be admitted only when it is obvious

to the court from the nature of the experiments that the jury will be enlightened, rather than confused. If in the discretion of the trial court proffered evidence of an experiment is rejected the appellate court will not review the ruling unless an abuse of discretion appears. Hisler v. State, 52 Fla. 30, 42 South. Rep. 692; Spires v. State, 50 Fla. 121, 39 South. Rep. 181, 7 Ann. Cas. 214.

If it be conceded that any real or apparent conflict in the evidence as to how near the deceased was to the defendant when the fatal shot was fired, would make an experiment helpful in determining the material issues of the case, it does not appear that the trial court abused a sound discretion in not permitting an experiment to be made or evidenced to the jury. The verdict of murder in the second degree in effect finds that the defendant killed the deceased by an act imminently dangerous to the deceased evincing a depraved mind regardless of human life. This verdict has ample support in the testimony, even though it be conceded that the deceased was so near to the defendant that deceased's shirt was burned by powder from the defendant's pistol when the fatal shot was fired by him. It was the province of the jury to pass upon conflicting testimony and to determine whether it reasonably appeared to the defendant that the fatal shot was necessary to protect him against great bodily harm from the deceased.

The jury were warranted by the entire evidence in finding that the issue of self defense was not sustained, and that guilt as found was shown beyond a reasonable doubt, even though there was positive testimony tending to show that the defendant apprehended serious bodily harm from the deceased when he fired on him.

There is nothing in the record to indicate that the jury were not governed by the evidence in forming the verdict.

and there is abundant substantial evidence from which every element of the offense adjudged may legally have been found beyond a reasonable doubt. In view of the charges given by the court the jury could not reasonably have been misled or prejudiced against the defendant, even when the ruling excluding an experiment is considered.

Over objection that it was irrelevant and immaterial the court permitted the defendant to be asked on cross-examination whether he had not been convicted in the municipal court for shooting fire arms and for other violations of ordinances of the town where the homicide occurred. The answer of defendant admitted some such violations, and others were shown in evidence. Whether the admission of this testimony was technical error or not, it is clear that no harm to the accused could reasonably have resulted therefrom. While the general reputation of the defendant as a lawabiding person was not put in issue by him, and the State was not entitled to put it in issue, yet for the purpose of testing the credibility of the defendant as a witness, a wide range of cross-examination is permitted by the law; and where fundamental rights are not invaded and it is not clearly shown that the trial court abused a sound discretion, in admitting testimony that may fairly tend to test the credibility of the witness, or it does not appear that the purpose or effect of the testimony is merely to degrade the witness or to injure him before the jury, the action of the trial court will not be disturbed. This principle is particularly applicable in a case like this where the evidence is ample to sustain the verdict found, even if evidence tending to affect the credibility of the defendant as a witness had not been admitted. Evidence that the defendant had violated municipal ordinances in using fire arms had some

relation to his conduct on the day and at the time of the homicide, and his testimony may have been biased because of such conduct and violations.

This discussion in effect disposes of the contentions made for the plaintiff in error.

The judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.