212 So.2d 796 (1968)
Robert Michael REILLY, Appellant,
v.
The STATE of Florida, Appellee.
No. 67-651.
District Court of Appeal of Florida. Third District.
July 16, 1968.
Rehearing Denied August 22, 1968.
*797 Robert L. Koeppel, Public Defender, and Ronald I. Strauss, Special Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Arthur L. Rothenberg, Asst. Atty. Gen., for appellee.
Before PEARSON, HENDRY and SWANN, JJ.
SWANN, Judge.
The appellant, defendant below, was found guilty by jury of the crime of breaking and entering an apartment dwelling, and being armed with a dangerous weapon, a pistol, with the intent to commit a felony, to-wit, grand larceny. He now appeals from his judgment of conviction and sentence for life imprisonment.
The defendant was apprehended by the police after breaking into an apartment in Miami Beach, Florida. He was wearing rubber gloves, had a tool kit, and a fully loaded revolver on his person when he was apprehended.
During his trial, the defendant testified in his own behalf. He claimed that his intention in breaking and entering the apartment was to "bug" the prospective victim's telephone. On cross-examination, he was asked if he had told the police officers that he was going to "bug" the phone when he was arrested. The defendant's attorney objected to this question and moved for a mistrial, both of which were denied.
The appellant claims reversible error was committed by permitting the prosecutor to ask this question during cross-examination and to comment upon it during closing argument. He asserts that it called attention to the fact that the defendant remained silent at the time of his arrest and while in custody he stood mute in the face of an accusation. He relies on Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966) and Jones v. State, Fla.App. 1967, 200 So.2d 574. In Jones, the question was "whether the introduction by the state, without objection of testimony that the accused, while in custody, remained silent in the face of an accusation of guilt of the crime for which he was arrested and charged, constituted reversible error." [Id., 200 So.2d at 576]
In the case sub judice, the implication was not that the defendant failed to deny the charge during an in custody accusation of guilt, but rather that his explanation of his presence had not been offered when he had opportunity to do so. Cf. Shaw v. State, Fla.App. 1968, 209 So.2d 477 [1st D.C.A., opinion filed June 13, 1968]
The constitutional right to stand mute during custodial interrogation, or to claim a privilege against self-incrimination in the face of an accusation of a crime, is different and distinguishable from the right and privilege of a defendant to refuse to take the stand and testify at a trial. By taking the stand and testifying at his trial, the defendant voluntarily waives his right not to take the stand and the state *798 has a right, in cross-examination, to attempt to impeach his direct testimony.
The defendant here not only voluntarily waived his right to refuse to take the stand but voluntarily testified and incriminated himself by the admission of another crime, to-wit: breaking and entering with the intent to commit the crime of wiretapping. See Fla. Stat. § 822.10, F.S.A.
The waiver referred to in Jones, supra simply meant that by taking the stand and testifying the defendant had not waived his right to raise the point on appeal; even in the absence of an objection. It had no reference to the right of the prosecution to cross-examine a defendant and to impeach his direct, self-incriminating testimony.
* * * * * *
"The immunity from giving testimony is one which the defendant may waive by offering himself as a witness * * *. When he takes the stand in his own behalf, he does so as any other witness, and within the limits of the appropriate rules, he may be cross-examined as to the facts in issue. * * * His waiver is not partial; having once cast aside the cloak of immunity, he may not resume it at will, whenever cross-examination may be inconvenient or embarrassing." Raffel v. United States, 271 U.S. 494, 496-497, 46 S.Ct. 566, 567, 70 L.Ed. 1054, 1057-1058 (1926). [Emphasis added]
The Supreme Court of Florida in Odom v. State, Fla. 1959, 109 So.2d 163, 165 said:
* * * * * *
"Whether or not a defendant becomes a witness for himself is purely a question for decision by him. If he elects not to testify, he is to be classified as a silent defendant whose silence must be ignored * * *. But if he decides to do so he is then to be regarded as any other witness, [and] his testimony will be weighed the same as that of any other witness * * *." [Emphasis added, brackets ours]
* * * * * *
In State v. Hines, Fla. 1967, 195 So.2d 550, the Supreme Court held that there was no reversible error in permitting a prosecutor to cross-examine a defendant, who had voluntarily elected to testify, concerning the defendant's failure to testify at his preliminary hearing.
The court therein stated the general rule, to be that when a defendant takes the stand, "it is generally held that he places himself in the position of any other witness and that the prosecuting attorney has the right to comment on his testimony or to comment on his failure to deny or explain incriminating facts or statements." 68 A.L.R. 1162 [Id., 195 So.2d at 550-551] See 23A C.J.S. Criminal Law § 1098; 21 Am.Jur.2d Criminal Law § 358. We, therefore, do not find reversible error in this regard.
The defendant next contends that the trial court committed reversible error in directing the court reporter, over his objection, to reread the complete jury instructions to the jury. The defendant contends that such a rereading would result in a loss of continuity and mistaken verbiage prior to the court reporter typing the jury instructions and rereading the typed charges to the jury. We find that the trial judge properly gave the instructions to the jury in compliance with Fla. Stat. § 918.10, F.S.A., and that no error was committed. Fla. Stat. § 919.05, F.S.A., Lutins v. State, 142 Fla. 288, 194 So. 803 (1940); Bates v. State, Fla.App. 1958, 102 So.2d 826.
The defendant also claims that the trial court committed reversible error by sentencing the defendant to life imprisonment because such a sentence for his first offense violates the cruel and unusual punishment provision of Florida and Federal Constitution. The sentence imposed is within the provisions of Fla. Stat. § 810.01 F.S.A., and cannot be said to be excessive or illegal. See Infante v. State, Fla.App. 1967, 197 So.2d 542. No error is found in this regard.
*799 The defendant's last contention is that the trial judge committed reversible error in refusing to instruct the jury insofar as the crime of breaking and entering with intent to commit a misdemeanor, to-wit, wiretapping. The defendant, under oath at the trial, introduced evidence that "wiretapping" was his purpose in breaking and entering the apartment. A request for such a charge was properly submitted in writing by defendant but denied by the trial judge. Defendant relies upon Brown v. State, Fla. 1968, 206 So.2d 377, 384, for reversal.
The pertinent provisions of Brown appear to be:
* * * * * *
"Necessarily included offenses should always be covered by an instruction, even though the trial judge is satisfied that the major crime charged has also been proved. If the evidence is sufficient to go to the jury on the major crime then the necessarily included offense instruction should be given.
There should be an instruction on all lesser offenses which are covered by the accusatory pleading and supported by the evidence, even though the major crime charged could otherwise be established without proof of the lesser offense."
* * * * * *
Here, the defendant was charged, with a felony, breaking and entering with intent to commit grand larceny. He took the stand and essentially admitted that he was guilty of breaking and entering with the intent to commit the crime of wiretapping. "Wiretapping" is not a misdemeanor but is a felony; as it provides for a sentence upon conviction in the state prison for a period not exceeding five years, or by a fine not exceeding Five Thousand Dollars, or both. Fla. Stat. § 822.10, F.S.A. Any crime punishable by imprisonment in the state prison is a felony. Fla. Stat. § 775.08, F.S.A.
When one is specifically charged with a crime which is a felony, he does not necessarily, by the admission of another crime, bring himself within the scope of Brown, supra, which requires instructions for "necessarily included offenses" or "lesser offenses covered by the accusatory pleadings and supported by the evidence."
Breaking and entering with the intent to commit wiretapping does not appear to be a "necessarily included offense" of breaking and entering with intent to commit grand larceny.
Is breaking and entering with the intent to commit wiretapping "a lesser offense covered by the accusatory pleadings and supported by the evidence" which may be included in the crime of breaking and entering with the intent to commit grand larceny? The test, as set forth in Brown (at 206 So.2d 384) is that the information must allege all the elements of the lesser offense, and the evidence must support the allegation of the lesser included offense. If the allegata and probata are present then there should be a charge on the lesser included offense. Assuming, without deciding, that this is a "lesser included offense," an examination of the information herein shows that it did not allege all of the elements necessary for the crime of breaking and entering with the intent to commit a felony, to-wit, wiretapping.
Since the allegata and probata of a lesser included offense were not present in this trial, the trial judge did not commit reversible error in refusing to give a charge, properly requested, on a different crime than that of which the defendant was charged.
The judgment and sentence appealed is
Affirmed.