WIGGINTON, Acting Chief Judge.
Defendant has appealed a judgment of conviction and sentence based upon a jury verdict finding him guilty of second degree murder. The appeal presents only one point for our consideration.
During the trial appellee called as one of its principal witnesses a police officer who arrived at the scene of the crime shortly after it was committed. His testimony consisted primarily of fixing the time and place of the altercation which resulted in the death of the victim, the witnesses who were present and who arrived shortly after the occurrence, his observations made at the scene, and the cause of the victim’s death. During the course of his testimony he referred to notes in his possession for the purpose of refreshing his recollection concerning the matters about which he testified. At the conclusion of this witness’ cross-examination appellant’s counsel moved the court for an order requiring the officer to produce the notes from which he testified for inspection and examination by appel *449 lant, which motion was denied. The court’s ruling in this regard was assigned as a ground for a motion for new trial by appellant, and is now assigned as error on appeal.
Before ruling on appellant’s motion for new trial, the court held a plenary hearing at which the police officer was examined with regard to the notes he referred to during the trial while testifying. In response to questions by the court the witness stated that he referred to his notes only for the purpose of being able to correctly state “the block number, the correct date, the correct time, who I met at the scene, the police officers and the witnesses.” He stated that all of the remainder of his testimony was given from his own recollection of what had happened without reference to his notes. The original notes referred to by the witness during his trial testimony were produced and received in evidence at the plenary hearing. At the conclusion the trial court announced that in view of the limited use of the notes, refusal of the court to require the State to produce them for appellant’s inspection and examination during the trial was not error, but if such did constitute error, it did not prejudice appellant in the trial of his case.
In Minturn v. State[1] the State called as one of its witnesses a police officer who testified as to the interrogation made by him of the defendant after the arrest by referring to a notebook which was allegedly used by him to record the questions and answers during the interrogation. The witness’ reference to the notebook during direct examination was for the purpose of refreshing his independent recollection. The trial court denied defendant’s motion for an order requiring the witness to produce his notebook for defendant’s inspection and examination, which ruling was assigned as error on appeal. In reversing the judgment of conviction and remanding the case for a new trial, the Third District Court of Appeal held:
“We hold that it was prejudicial error to allow the witness to use the notebook to refresh his independent memory as to the questions and answers which transpired during the official interrogation of the defendant without requiring that the notebook be made available to the defense during cross-examination. Williams v. State, Fla.1954, 74 So.2d 797; Cohen v. Harris, 61 Fla. 137, 54 So. 905; 35 Fla.Jur., Witnesses, § 180, p. 279.
“To hold otherwise would allow the circumvention of the accused’s right to a full and fair cross-examination of witnesses. Where the State’s witness testifies with the help of a notebook allegedly used to refresh his independent recollection, the accused has the right to examine the notebook and thereby be in a position to impeach the witness or discredit his testimony as to matters related on direct examination. The law of this state regards this right as a fundamental right which stems from the constitutional guaranty that the accused be confronted by his accusers. Coco v. State, Fla.1953, 62 So.2d 892.”
The author of Florida Jurisprudence proclaims the applicable rule of law prevailing in Florida on the point in question to be as follows:
“The opposite party in both criminal and civil cases has a right to see and examine the memorandums used by a witness, so as to be in a position to cross-examine the witness in regard to the testimony given on direct examination.
“Where a state’s witness testifies with the help of a notebook, allegedly used to refresh his independent recollection, the accused has the right to examine the notebook and thereby be in a position to impeach the witness or discredit his *450 testimony as to matters related on direct examination. This is a fundamental right which stems from the constitutional guarantee that the accused be confronted by his accusers.” [2]
The rule in Florida appears to be the general rule prevailing throughout the country:
“While there is some authority to the contrary, it is the well-settled rule that the opposing party or counsel has the right on proper demand, to inspect, and use for purposes of cross-examination, any paper or memorandum which is used by a witness while on the stand for the purpose of refreshing his memory, and which does in fact tend to refresh his memory. * * * ”[3]
When a witness in the trial of a case testifies from notes in his possession which are exhibited before the court and jury during his examination, he creates in the mind of the jury an impression of fairness and accuracy which greatly enhances the credibility of his testimony. It is only natural for a jury to conclude that testimony based upon a recollection refreshed by notes taken at the time of the occurrence is much more reliable than testimony based upon a memory which may be dimmed by the passage of time and clouded by the intervention of subsequent events. When testimony is given by a witness under these circumstances, the basic principles of fair play on which is grounded our time-honored concepts of due process require that the opposite party be permitted to examine the notes to which the witness referred in giving his testimony so that the accuracy of his statements may be verified. Such examination will also serve to insure that repeated reference by a witness during his examination to purported recorded notes is not a device employed to deceive the jury or work a fraud on the court. To deprive a party of such right is to deny him the constitutionally guaranteed right to be confronted by the witnesses against him which carries with it a concomitant right to full and fair cross-examination of those witnesses.
We cannot agree with appellee that the error committed by the court in denying appellant the right to inspect and examine the notes used by the witness during the giving of his testimony was cured by the plenary hearing subsequently held on appellant’s motion for a new trial. While it is true that the notes which were then for the first time produced in evidence before the court satisfied the trial judge that they were used only in a limited way in refreshing the witness’ recollection, such limited use was a circumstance not known to the jury when it retired to consider its verdict. The jury would have been justified in assuming that all of the witness’ testimony was based upon a recollection refreshed by reference to the notes made by him at the scene of the crime. If appellant’s counsel had been permitted during the trial to examine the officer’s notes from which he was testifying, we can only speculate as to whether by the use of such notes appellant’s counsel would have been able by cross-examination to impeach or discredit in some manner the witness’ testimony. Whether he would have been successful in such an endeavor would have been for the jury to determine, for it is only the jury and not the court which enjoys the prerogative of passing upon the credibility of the witnesses who testify in the case. We are unable to agree with the trial court that the error committed by denying appellant the right to examine the witness’ notes was rendered nonprejudicial by virtue of the harmless error statute.[4] It must be held that appellant was harmfully prejudiced when his constitutional right to fully and fairly cross- *451 examine the witnesses against him was denied. Such prejudice was not cured by the trial court’s subsequent conclusion that the witness’ limited use of his notes precluded any possibility of harm or injury to appellant.
For the foregoing reasons the judgment appealed is reversed and the cause remanded for a new trial.
CARROLL, DONALD K., and RAWLS, JJ., concur.

. Minturn v. State (Fla.App.1962), 136 So.2d 359, 360.

. 35 Fla.Jur. 279, Witnesses, § 180.

. Annot. 82 A.L.R.2d 557, § 60; see also Annot. 7 A.L.R.3d 244, § 10 (i).

.F.g. § 59.041, F.S.A.