249 So.2d 510 (1971)
Walter THOMAS, Wattazella Caldwell and Leon James Cooper, Appellants,
v.
The STATE of Florida, Appellee.
Nos. 70-951, 70-1084.
District Court of Appeal of Florida, Third District.
June 22, 1971.
*511 Phillip A. Hubbart, Public Defender, and Alan S. Becker, Asst. Public Defender, for appellant, Thomas.
Wallace & Kreutzer, Miami, for appellant, Caldwell.
Meyer M. Brilliant, Miami, for appellant, Cooper.
Robert L. Shevin, Atty. Gen., and Bruce L. Scheiner, Asst. Atty. Gen., for appellee.
Before PEARSON, C.J., SWANN, J., and ADAMS, ALTO, Associate Judge.
PER CURIAM.
The appeals of Walter Thomas, Wattazella Caldwell and Leon James Cooper have been consolidated for all appellate purposes.
The defendants argue that the evidence was insufficient to sustain the non-jury verdict of guilty of the charge of rape for which each received a sentence of eight years.
It appears clear that the defendants were present at the scene and that they all had *512 sexual relations with the victim together with a number of other males whom she could not identify. The real point in dispute is whether the victim "consented" or whether she was "forced" to have intercourse with the three defendants. See § 794.01, Fla. Stat., F.S.A.
On conflicting evidence the trial judge heard the facts, evaluated the evidence and the credibility of the witnesses and found the three defendants "guilty" as charged. We have reviewed the record and find sufficient, competent and substantial evidence to support the verdict. State v. Smith, Fla. 1971, 249 So.2d 16.
Defendants claim the trial judge committed reversible error in not permitting the introduction into evidence of specific, or individual, acts of prior intercourse between the victim and a particular witness [not a defendant]. It did permit evidence of her general reputation for chastity in the community. We find no reversible error in this ruling. See Nickels v. State, 90 Fla. 659, 106 So. 479 (1925); Tully v. State, 69 Fla. 662, 68 So. 934 (1915); Rice v. State, 35 Fla. 236, 17 So. 286 (1895); and 27 Fla.Jur. Rape and Related Offenses § 31.
The defendant, Caldwell, argues reversible error in permitting the state to cross-examine him about his knowledge concerning a witness, Rose Sampson, who had testified during the presentation of the state's case.
The objection to this cross-examination, at trial, was that "it was not brought out on direct". In cross-examining an accused the state is not to be confined strictly to the subjects of the direct examination. See Martin v. State, 68 Fla. 18, 66 So. 139 (1914); and Daly v. State, 67 Fla. 1, 64 So. 358 (1914). We find no reversible error in the admission of this testimony during the cross-examination of Caldwell.
Caldwell next attempts to raise and argue on appeal the failure of the state to warn him of his constitutional rights before he made certain statements to a police officer. No objection was made on this point during trial and no ruling obtained from the trial court and it may not be raised for the first time on appeal. See Silver v. State, Fla. 1966, 188 So.2d 300; Jones v. State, Fla.App. 1971, 248 So.2d 517, and Mahone v. State, Fla.App. 1969, 222 So.2d 769. Cf. James v. State, Fla. App. 1969, 223 So.2d 52. In addition, the record shows Caldwell was advised of his constitutional rights.
The defendants on appeal next argue that "an unrelated subsequent crime cannot be brought to the attention of the trier of fact to prove the crime charged". They say the use of the testimony of a witness for the state, Rose Sampson, should not have been permitted in evidence as it related to a collateral crime and was highly prejudicial.
A review of the record again reveals that this point was not raised in the trial court or ruled upon by the trial judge. We will not consider it, therefore, on appeal. See cases cited above.
Defendants assert "the lineup and photographic identity was so tainted as to exclude in-court identity".
We do not find any assignment of error to support this point on appeal. In addition we cannot find any objection, at trial, that the "lineup and photographic identity was so tainted as to exclude in-court identity". See Daly v. State, supra.
Notwithstanding these deficiencies we have examined the record on this point and find that the facts in this case do not show the photographic identifications to be so impermissively suggestive as to give rise to a very substantial likelihood of irreparable misidentification. Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).
Finally, the defendant Cooper raises the point that the court erred in permitting, *513 over objection, cross-examination of him as to "why he remained silent and did not talk to police when he invokes his constitutional right to remain silent".
Again, we do not find this point supported by an assignment of error in the record on appeal. We also do not find a proper objection to these questions or a ruling on this specific question by the trial court. See Daly, supra.
Assuming arguendo that point is properly before us we hold that it was not error to permit such cross-examination of a defendant who has taken the stand. Cf. Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971) and Reilly v. State, Fla.App. 1968, 212 So.2d 796.
For these reasons the verdict and adjudications of the defendants are
Affirmed.