WALDEN, Judge
(dissenting):
Robbery: life sentence. Defendant appeals. Different from the majority, I would reverse for new trial.
Police Officer Davis, per State direction, read into evidence before the jury, as a critical matter of identification, a minute and detailed description of the robbers. The material so read was the report of another, Officer Arcuni, and solely prepared by him. Officer Arcuni was the first officer on the robbery scene and the descriptions read from the report were a composite or conglomerate of the word descriptions given by eye witnesses to Officer Ar-cuni — not to Officer Davis, as he was not present. Officer Arcuni did not testify at the trial.
Here is the reversible and fundamental error. Defense counsel sought to examine Officer Arcuni’s report which has been read into evidence by Officer Davis as a preface to the defense’s cross examination. The state’s objection was sustained and thereby the defense was prohibited from examining the report. Eliminating hearsay features which were not placed in issue, it is of manifest importance that such examination be permitted. It allows the defense to determine if the material was read with fidelity and if it was in context, among other things. It allows a determination as to whether there were critical omissions or disqualifications. It is my opinion that the trial court’s ruling in this regard was prejudicial error which requires reversal.
It is reversible error to refuse the defense the right to inspect material used by a witness to refresh his memory even where the witness himself prepared the memoranda. Allen v. State, Fla.App.1971, 243 So.2d 448. See also 3 Wigmore, Evidence § 753 (Chadbourn rev. 1970). And the Allen situation is infinitely more innocuous than the instant situation where someone other than the witness prepared the memoranda as thereby even more fundamental cross examination is foreclosed.
I think the error, the law and our duty are clear and compelling. We should reverse and remand for a new trial.
For the above reasons I record my dissent.