PER CURIAM.
The defendants were charged by information with breaking and entering a dwelling with intent to commit grand larceny. They were tried by jury, found guilty of breaking and entering a dwelling with intent to commit petit larceny and were so adjudged; whereupon, Smith was sentenced to a term of five years in the state penitentiary, and Tigner was placer on probation for a period of five years.
On appeal, both defendants contend that the court erred in denying their motions for mistrial and for a new trial because the prosecutor’s actions and remarks in the presence of the jury were so prejudicial as to deny their right to a fair trial. After careful review of the record, we find there to be no reversible error because neither the remarks nor the actions are prejudicial.
Each case must be considered upon its own merits and within the circumstances pertaining when the allegedly prejudicial remark is made. Collins v. State, Fla.1965, 180 So.2d 340. In the instant case, the remarks are no more than comments upon the failure to provide explanations of incriminating circumstances, and as such, they are not reversible. See State v. Hines, Fla.1967, 195 So.2d 550; Reilly v. State, Fla.App.1968, 212 So.2d 796, cert. den. 396 U.S. 1046, 90 S.Ct. 697, 24 L.Ed.2d 690 (1970). Wide latitude is permitted on cross-examination of witnesses, and limitations on the range are within the discretion of the trial court. Matera v. State, Fla.App.1969, 218 So.2d 180.
Defendant Tigner raised a second point on appeal, relating to sufficiency of the evidence. We have considered the issue, and find it to be without merit.
Therefore, for the reasons stated and upon the authorities cited, we hereby affirm.
Affirmed.