PER CURIAM.
This appeal is by the defendant below from a judgment entered on a jury verdict finding the defendant guilty of possession of burglary tools, breaking and entering a building, and grand larceny.
The appellant contends the trial court committed reversible error by denying his motions for mistrial, made following the presentation of certain evidence by the prosecutor, at two stages of the trial.
In the first incident which prompted a motion for mistrial, a police officer presented as a witness for the state testified that after the defendant, in custody, was advised of his right to remain silent, he told the officers he did not want to talk to them. The second incident was as follows. The defendant, testifying at the trial, related an exculpatory story as to why he had fled when approached by the officers, which was highly improbable in view of the evidence presented by the state on that feature. On cross examination the prosecutor asked the defendant if he had related that story at his preliminary hearing. The defendant stated he had not testified there. The defendant was asked if he had told that story to any of the officers. He said he had not, and when asked if that story had been stated by him for the first time at the trial, the defendant answered in the affirmative.
With regard to the first incident, following Bennett v. State, Fla.1975, 316 So.2d 41, we hold it was reversible error for the state to present testimony that the accused, while in custody after arrest, and having been advised of his rights to remain silent, announced his election to do so by stating that he did not want to talk to the officers. However, whereas in Bennett the evidence of guilt of the accused was not overwhelming,[1] in this case it was, and, applying the harmless error rule, we hold the above mentioned error does not require reversal and a new trial. No useful purpose would be served by a detailed statement of the evidence presented in this case. On the record, the evidence of the guilt of *410 the accused was such as to meet the standard required for application of the harmless error rule, as referred to in Bennett (316 So.2d at 44) and as prescribed in Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284; and Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705.
Regarding the second incident, we hold no reversible error occurred. See Willinsky v. State, Fla.App.1976, 328 So.2d 536. Disclosure that the defendant had not testified at a preliminary hearing in the case was not reversible error. The story related by the defendant at his trial, that his flight from the officers was because of his possession of some marijuana, was patently and inherently lacking in credibility in view of the strong contrary testimony and physical evidence. The state had presented testimony of an arresting officer that when the defendant was approached by the officers he discarded a camera case and a suitcase, and fled; that the suitcase was found to contain burglary tools, and property including a large amount of jewelry belonging to the occupants of the residence that had been broken into a short time earlier, and that the defendant, when arrested, had in his pocket a watch belonging to the larceny victim on which the victim’s name was inscribed. The questions put to the defendant, as to whether he had related that story on specific earlier occasions, was laying a predicate for impeachment, such as could have been proceeded with if the defendant’s answer had been in the affirmative. The testimony of the defendant as to his reason for fleeing was so improbable and lacking in credibility in view of the evidence, that any increase in the degree of improbability thereof which may have resulted from the showing by the state on cross-examination that the defendant had produced that story for the first time at trial, could not reasonably be regarded as possibly having contributed to his conviction. The error in that regard, if any, was harmless error under the law.
The judgment is affirmed.

. In Bennett the court said: “[U]nder no stretch of the imagination can it be said that the evidence was overwhelming against defendant”.