342 So.2d 987 (1977)
George DAVIS, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-151.
District Court of Appeal of Florida, Third District.
February 1, 1977.
Rehearing Denied February 25, 1977.
*988 Bennett H. Brummer, Public Defender and Thomas G. Murray, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Brian H. Leslie, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and BARKDULL and NATHAN, JJ.
NATHAN, Judge.
George Davis was charged by information with the robbery of a U-Tote-M store, aggravated assault and unlawful possession of a firearm while engaged in a criminal offense. He was tried by jury, found guilty on all three counts, convicted and sentenced to twenty-five years in the state penitentiary for robbery, five years for aggravated assault and five years for unlawful possession of the firearm. The two five year sentences were to run concurrently with the sentence for robbery.
During the trial, the defendant testified that he daily went to the subject U-Tote-M store; that he first heard about the robbery from his brother; that he did call the investigating officer, Detective Cohen, but that he did not go to see him because he "thought it was a gag." Although he could not be positive as to his whereabouts on the Sunday morning of the robbery, he stated that he was probably home sleeping, since Sunday was his day off. He was positive that he was not at the store and that he did not commit the robbery.
On cross-examination, the following colloquy occurred:
Q. [Prosecutor] Did you at any time attempt to explain to Detective Cohen any of the circumstances in your case?
A. [Davis] Detective Cohen advised me of my rights. And I replied that I would like to see my lawyer.
Q. You never told him that you were working?
A. Yes, I told him that I was working.
Q. Did you ever explain to him that you slept late on Sunday mornings?
A. No, I didn't.
Q. Did you ever tell him that you had never met Louise Hester?
A. He never asked.
* * * * * *
Q. Did you ever attempt to get this information to Detective Cohen that somebody saw you sleeping on January 19th, at 7:30 in the morning?
A. No, I didn't.
Q. Did you ever attempt to give this information to the State in any way?
MR. TUNKEY [Defense counsel]: Objection, Judge ...
THE COURT: Sustained.[1]
Defendant argues that the foregoing cross-examination deprived him of his rights under the Fifth and Fourteenth Amendments to the United States Constitution, in that the prosecutor attempted to impeach the *989 defendant's testimony based on his failure to offer exculpatory statements to the police after he had been advised of his right to remain silent. We find merit in this point.
The United States Supreme Court and the Supreme Court of Florida have both issued recent opinions clarifying the law in this much debated area. In Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), the United States Supreme Court held that the use for impeachment purposes of a defendant's silence at the time of his arrest and after he has received his Miranda warnings violated the Due Process clause of the Fourteenth Amendment. In the majority opinion, Mr. Justice Powell noted that "it would be fundamentally unfair and a deprivation of due process to allow the arrested person's silence to be used to impeach an explanation subsequently offered at trial."
While the applicability of the Doyle case to the instant appeal would seem to be in doubt due to previous United States Supreme Court holdings to the effect that constitutional interpretations of Fifth Amendment rights were not retroactive,[2] this question has apparently been resolved. The high court recently remanded a case to the Third District Court of Appeal for further consideration in light of Doyle. Lebowitz v. Florida, ___ U.S. ___, 97 S.Ct. 44, 50 L.Ed.2d 68 (1976). In the Lebowitz case, we had held that a defendant could properly be cross-examined concerning pretrial silence where such questioning was a "logical and common sense test" of the defendant's credibility. Lebowitz v. State, 313 So.2d 473 (Fla.3d DCA 1975). In view of the Supreme Court's actions, however, it is clear that the holding in Lebowitz cannot stand and, further, that the Doyle precedent is applicable to cases currently on appeal.
As was noted above, the Florida Supreme Court has also recently considered this issue. In Bennett v. State, 316 So.2d 41 (Fla. 1975), it held that it was reversible error to deny a mistrial where a witness had testified to the fact that the defendant there had refused to sign a waiver of his Miranda rights or make a statement during interrogation.
The State argues that Bennett did not hold that references to a defendant's silence at the time of arrest required reversal, but rather than reversal was merely warranted under the facts of that case. We cannot accept this interpretation of Bennett given the Florida Supreme Court's holding in Shannon v. State, 335 So.2d 5 (Fla. 1976). There the Court expressly noted that it had held in Bennett that "any comment on an accused's exercise of his right to remain silent is reversible error, without regard to the harmless error doctrine." Id.
At this point, we should note an apparent conflict between our holding today and our earlier opinion in Manning v. State, 336 So.2d 408 (Fla.3d DCA 1976), where we applied the harmless error doctrine after finding that it was reversible error for the State to present testimony concerning the defendant's post-arrest silence. To the extent that the harmless error doctrine was applied in Manning, we now recede from our holding in that case.[3]
We therefore find that the prosecutor's cross-examination of the defendant concerning *990 his pre-trial silence was improper and remand for a new trial.
Reversed and remanded.
NOTES
[1] No motion for a mistrial was ever made by defendant's counsel based upon the objection. Nevertheless, it is clear that cross-examination of a defendant concerning his pre-trial silence involves a question of such constitutional magnitude that no such motion is necessary to preserve the issue on appeal. In Lebowitz v. State, 313 So.2d 473 (Fla.3d DCA 1975), a similar issue was raised, though defense counsel there had never even objected to the allegedly improper cross-examination. Despite this fact, the United States Supreme Court ultimately considered the issue on appeal. See discussion infra.
[2] See, e.g., Mackey v. U.S., 401 U.S. 667, 91 S.Ct. 1160, 28 L.Ed.2d 404 (1971); Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966); Tehan v. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966).
[3] In addition, the United States Supreme Court's holding in Doyle, supra, overrules Reilly v. State, 212 So.2d 796 (Fla.3d DCA 1968), wherein it was held that a defendant could be cross-examined as to his failure to offer an explanation of his presence at the scene of a crime to arresting officers. Reilly and the cases which followed it, see Smith v. State, 305 So.2d 247 (Fla.3d DCA 1974), and Thomas v. State, 249 So.2d 510 (Fla.3d DCA 1971), were based on the long-standing rule that a defendant who takes the stand waives his immunity from testimony and thus may be cross-examined as any other witness. See Raffel v. U.S., 271 U.S. 494, 496-97, 46 S.Ct. 566, 567, 70 L.Ed. 1054, 1057-57 (1926). However, this rule has clearly been superceded by the Doyle holding to the extent that such cross-examination involves comment on the defendant's exercise of his pre-trial right to remain silent.