343 So.2d 932 (1977)
Bobby Marion FRANCIS, Appellant,
v.
STATE of Florida, Appellee.
No. 76-778.
District Court of Appeal of Florida, Third District.
March 15, 1977.
*933 John J. Quinn, Key West, for appellant.
Robert L. Shevin, Atty. Gen., and Margarita Esquiroz, Asst. Atty. Gen., for appellee.
Before BARKDULL, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
This appeal questions the correctness of a trial judge's ruling in a criminal prosecution relating to the delivery of contraband, contrary to statute.
The appellant has preserved three points on appeal: First, whether the trial court erred in refusing to require a law enforcement agent to produce his notes, from which he refreshed his memory. We find no error in this ruling, because it was clear that the agent had refreshed his memory the night before he testified and did not have the notes in the courtroom. Therefore, no error has been made to appear in this ruling. Williams v. State, 208 So.2d 628 (Fla.3rd D.C.A. 1968); Allen v. State, 243 So.2d 448 (Fla.1st D.C.A. 1971); Marshall v. State, 321 So.2d 114 (Fla.1st D.C.A. 1975). Secondly, it is urged that the trial judge erred in limiting cross-examination. The record does not clearly show that the trial judge did any such thing. But, even if it did appear that he had limited cross-examination, it would have been within his discretion and, therefore, no error has been made to appear in this regard. Thomas v. State, 249 So.2d 510 (Fla.3rd D.C.A. 1971), Smith v. State, 305 So.2d 247 (Fla.3rd D.C.A. 1974). Lastly, that the trial court erred in denying a motion for mistrial made during the closing argument on the part of the State, allegedly because of improper comment. If the comment was improper, which we do not here find, it was justified in response to remarks by defense counsel, and, therefore, no error has been made to appear in this regard. Wingate v. State, 232 So.2d 44 (Fla.3rd D.C.A. 1970); Gray v. State, 296 So.2d 612 (Fla.3rd D.C.A. 1974); Lawson v. State, 304 So.2d 522 (Fla.3rd D.C.A. 1974).
The verdict, adjudication of guilt, and sentence here under review be and the same are hereby affirmed.
Affirmed.