WILLIAM R. SIMMONS, Alias ROY SIMMONS, v. STATE.

190 So. 756
En Banc
Opinion Filed August 1, 1939

Edgar W. Waybright and Roger J. Waybright, for Plaintiff in Error;

George Couper Gibbs, Attorney General, and Thomas J. Ellis, Assistant Attorney General, for Defendant in Error.

PER CURIAM.—Defendant was convicted of rape and sentenced to life imprisonment. From the judgment and sentence of the court he brings writ of error.

The following occurred during the cross-examination of the defendant by the State Attorney:

"Q. Did you testify at the preliminary hearing?

"A. No, sir.

"Q. Did you testify at the habeas corpus?

"A. No, sir."

Some time later after several other witnesses had testified defense counsel moved the court to declare a mistrial upon the ground that the State Attorney by asking the above questions had commented on the failure of the defendant to testify at the preliminary hearing and at the habeas corpus proceeding. The motion was denied by the court and defendant has assigned this ruling as error.

Section 8385, Compiled General Laws 1927, provides:

"In all criminal prosecutions the accused may at his option be sworn as a witness in his own behalf, and shall in such case be subject to examination as other witnesses,

but no accused person shall be compelled to give testimony against himself, nor shall any prosecuting attorney be permitted before the jury or court to comment on the failure of the accused to testify in his own behalf, and a defendant offering no testimony shall be entitled to the concluding argument before the jury."

This statute applies to the comment on the failure of the accused to testify at a preliminary hearing, an application for bail, a habeas corpus hearing or a former trial, as well as his failure to testify in the present trial. Annotations, 68 A. L. R. 1153, 84 A. L. R. 790; 16 C. J. Criminal Law, Sec. 2247, p. 901.

While discussing certain blood tests in his final argument to the jury, the State Attorney said:

"You may ask me why was the defendant willing to have this test made. The answer is simple, gentlemen. Because a test of this kind can never prove guilt. If it matches up; if human semen matches up with semen on the dress or any of the clothes in question, it does not prove a thing. Yes, it could be his. It could be the semen from the man. The defendant had nothing to fear, if it had turned out that way and had matched up. *Up to that time the defendant had never opened his mouth.* He could have put forth the defense—could have built up his defense upon this: 'Yes, I had intercourse with Thelma Perry, but it was with consent.'

"There was nothing brave or bold on the part of the defendant in submitting to this test. It is no evidence of his innocence because he was willing to submit to this test, because these tests never prove anything on such an accusation. That is why counsel was so anxious for the tests." (Emphasis supplied.)

The defendant made no objection to the above.

This Court has held that it is the duty of the lower court to check the prosecuting counsel, and also to charge that the silence of the accused creates no presumption against him, and that the question of accused's silence is excluded from the consideration of the jury. Gray v. State, 42 Fla. 174, 28 So. 53; Wharton's Criminal Evidence (11th Ed.) Vol. 3, Sec. 1128, p. 1964. In Rowe v. State, 87 Fla. 17, 98 So. 613, we held that a violation of Section 8385, *supra,* by the prosecuting officer cannot be cured by the court instructing the jury to disregard his comment.

The statement of the State Attorney above quoted was sufficient to direct the attention of the jury to the defendant's neglect to avail himself of his right. See Watt v. People, 126 Ill. 9, 18 N. E. 340, 1 L. R. A. 403; State v. Kimes, 152 Iowa 240, 132 N. W. 180; State v. Moseley, 31 Kans. 355, 2 Pac. 782.

A verdict will not be set aside by an appellate court because of the improper remarks of counsel or because of any omission of the judge to perform his duty in the matter unless objection be made at the time of their utterance. This rule is subject to the exception that, if the improper remarks are of such character that neither rebuke nor retraction may entirely destroy their sinister influence, in such event a new trial should be awarded regardless of the want of objection or exception. Akin v. State, 86 Fla. 564, 98 So. 609; Rowe v. State, *supra;* Carlile v. State, 129 Fla. 860, 176 So. 862.

We hold that calling the attention of the jury, by the prosecuting officer of the State, to the failure of the accused to testify in his own behalf at any preliminary proceeding or the present trial, no matter how innocently it may be done, comes within the exception and deprives the defendant of the protection the statute was intended to secure, and

of his constitutional right to a fair and impartial trial. Rowe v. State, *supra;* Jackson v. State, 45 Fla. 38, 34 So. 243, 3 Ann. Cas. 164; Annotations, 68 A. L. R. 1108, 84 A. L. R. 785.

The assistant State attorney also made the following statement concerning the defendant in his argument to the jury:

"He had had some twelve years experience out there, from the evidence, handling this sort of trouble. He might have handled a great many others as she was handled in this case. We don't know."

"And we don't know how many other girls this old Simmons has carried off that way who have never complained—

"Mr. Roger Waybright: Now, if the court please, we object to that. There is nothing before this jury to indicate that Simmons ever carried off anybody.

"The Court: Yes, Mr. Bunch, just stick to the facts in evidence."

There was no evidence in the record from which the jury could infer the commission of any other crime by defendant. It is well settled that statements or intimations by the prosecuting attorney that accused has committed other crimes besides that for which he is now on trial constitutes error. 16 C. J., Criminal Law, Sec. 2253, p. 906; Carlile v. State, *supra.*

It is fair to say that the average juror will regard the crime of rape as no less heinous than the most cold-blooded murder, and, being so, it is doubtful if the sinister influence of the remarks complained of, and other remarks made to the jury in this case, which we do not take time and space to relate, could be erased by withdrawal or any admonition the court could give. In these circumstances prejudice to

the cause of the accused is so highly probable that we are not justified in assuming its nonexistence.

. It seems that the law defining the bounds of a prosecuting attorney's discretion in his argument to the jury in criminal cases has been settled by this Court. See Akin v. State, 86 Fla. 564, 98 So. 609; McCall v. State, 120 Fla. 707, 163 So. 38; Washington v. State, 86 Fla. 533, 98 So. 605; Pearce v. State, 93 Fla. 504, 112 So. 83; Rowe v. State, 87 Fla. 17, 98 So. 613; Deas v. State, 119 Fla. 839, 161 So. 729; Cooper v. State (Fla.) 186 So. 230; Douglas v. State (Fla.) 184 So. 756.

For the above reasons the judgment must be reversed and the cause remanded for a new trial.

WHITFIELD, P. J., and CHAPMAN, J., concur.

BROWN, J., concurs in conclusion.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.