195 So.2d 550 (1967)
STATE of Florida, Petitioner,
v.
Major HINES, Respondent.
No. 35408.
Supreme Court of Florida.
February 22, 1967.
Earl Faircloth, Atty. Gen., and Thomas E. Boyle, Asst. Atty. Gen., for petitioner.
Donald G. Nichols, Howell, Dawson, Galant, Maddox & Sulik, Jacksonville, for respondent.
O'CONNELL, Justice.
The District Court of Appeal, First District, has certified its decision, published at 186 So.2d 820, as involving a question of great public interest, pursuant to Sec. 4(2), Article V of the Florida Constitution, F.S.A. That decision reviewed a judgment of conviction and sentence for the offense of aggravated assault. The precise question was whether reversible error occurred during the trial at which defendant elected to testify. The prosecutor on cross-examination interrogated the defendant concerning his failure to testify at the preliminary hearing. The district court held this was error and reversed.
The district court's reluctant decision was based specifically upon the authority of this court's decision in Simmons v. State, 1939, 139 Fla. 645, 190 So. 756 and the decision of the District Court of Appeal, Third District, in Hathaway v. State, Fla.App. 1958, 100 So.2d 662. The district court indicated that were it not for the authority of those cases, it would have affirmed the judgment.
We agree with the State that the Simmons and Hathaway cases provide a poor foundation for the decision below. Simmons was apparently decided on the basis of the abstract proposition that the statutory prohibition against comment by the prosecution on the defendant's failure to testify applied to the various preliminary proceedings and to former trials as well as to his failure to testify in the present trial. This court evidently failed to take into consideration that the defendant therein had voluntarily taken the stand at the trial and the effect that this should have on the statutory prohibition. Indeed, the very authorities that the court cited in support of the abstract proposition also point out the general rule that when a defendant takes the stand
"* * * it is generally held that he places himself in the position of any other witness, and that the prosecuting attorney has the right to comment on his testimony or to comment on his failure to deny or *551 explain incriminating facts or statements." 68 A.L.R. 1162.
Also see 23A C.J.S. Criminal Law § 1098 and 21 Am.Jur.2d "Criminal Law," Sec. 358.
The Hathaway case was expressly based on the sole authority of Simmons and therefore provides no independent authority for the decision under review.
Actually, it would seem that this court took a long step toward repudiating the doctrine of the Simmons case when it decided Odom v. State, Fla. 1959, 109 So.2d 163, cited by the court below as expressing the preferable rule. In Odom, we expressly receded from Sykes v. State, 1919, 78 Fla. 167, 82 So. 778, in which this court had held that when a defendant voluntarily gave testimony concerning one phase of the case, it was nevertheless error for the prosecutor to comment on his failure to testify concerning other phases of it. We said, in the Odom case,
"Whether or not a defendant becomes a witness for himself is purely a question for decision by him. If he elects not to testify, he is to be classified as a silent defendant whose silence must be ignored, except in some unusual circumstance such as was present in Waid v. State, supra. But if he decides to do so he is then to be regarded as any other witness, his testimony will be weighed the same as that of any other witness and the jury may in evaluating it take into consideration his interest in the trial and its result. And argument directed to what he says and does not say will be completely justified."
We now expressly repudiate the rule of the Simmons and Hathaway cases which held it to be reversible error for the prosecution to comment on the failure of the accused to testify in an earlier proceeding even though he voluntarily testified on his own behalf in the trial. We reserve the question, which is not before us, whether the doctrine of those cases should not continue to apply in certain special circumstances, as when a defendant, in an effort to prevent its introduction in evidence, testifies before the court outside the presence of the jury concerning the voluntariness of an extra-judicial confession.
The writ is granted, the decision of the district court is quashed, and the case is remanded for entry of a decision in conformity with this opinion.
THOMAS, ROBERTS and DREW, JJ., concur.
THORNAL, C.J., dissents with Opinion.
THORNAL, Chief Justice (dissenting):
I would approve the decision of the District Court on the authority of Simmons v. State, 139 Fla. 645, 190 So. 756. I feel that the rule there announced is more nearly consistent with precedent and the Constitution.