200 So.2d 574 (1967)
Willie Dee JONES, Appellant,
v.
The STATE of Florida, Appellee.
No. 66-694.
District Court of Appeal of Florida. Third District.
June 20, 1967.
*575 Robert L. Koeppel, Public Defender, James E. Messer and Robert G. Lilly, Special Asst. Public Defenders, for appellant.
Earl Faircloth, Atty. Gen., Arden M. Siegendorf and Herbert P. Benn, Asst. Attys. Gen., for appellee.
Before HENDRY, C.J., and PEARSON and CHARLES CARROLL, JJ.
PER CURIAM.
On this appeal from a conviction for grand larceny (purse snatching) the appellant makes two contentions. First, that his right against self-incrimination was violated at the trial by the admission of testimony presented by the state that after being apprehended he stood silent in the face of accusation by the victim. Second, that the evidence was insufficient to support the conviction.
The evidence disclosed that the victim, while walking home after shopping, was approached by three boys, one of whom grabbed and made off with her purse containing a billfold, $128 in bills, some change including a Kennedy half dollar, a cigarette lighter and a comb. She made prompt report to the police, advising them that one of the boys was short and that the one who grabbed her purse was tall. She further described the latter as wearing light blue pants, a light colored shirt, a sweater and tennis shoes.
Approximately an hour and a half later, an officer cruising in an unmarked police car, having received the descriptions and being on the lookout for such persons, saw two young men on foot, at a point approximately six blocks from the place of the alleged crime, who appeared to fit the descriptions. The officer stopped and asked them to come over to his car. They ran, and the officer gave chase. After a pursuit of five blocks the officer overtook and apprehended the defendant and returned him to the place where the victim remained in company of two officers. There, in the presence of the officers, the victim identified the defendant as the one who had taken her purse from her. Thereupon the defendant was informed he was under arrest, and was required to empty his pockets. Produced from his person were a billfold, bills, Kennedy half dollar and cigarette lighter, which the victim identified as property belonging to her which had been in her purse when it was taken. The defendant then was transported to the Dade County jail, and subsequently informed against, tried and convicted of grand larceny.
At the trial the victim made definite identification of the defendant as the one who had taken her purse, and also identified as her property the lighter and other items found on the defendant's person following his arrest.
One of the officers who testified at the trial was asked what response if any was given by the defendant when the victim indicated he was the one who had taken her purse. The officer replied: "Nothing, sir. I didn't hear him say anything." No objection was made to the introduction of that testimony. The defendant testified in his own behalf, denying participation in the incident and stating that when the victim identified him as the one who had taken *576 her purse, at the time of his arrest, he had not remained silent but had said: "I didn't snatch no purse."
The determinative question on this appeal is whether the introduction by the state, without objection, of testimony that the accused, while in custody, remained silent in the face of an accusation of guilt of the crime for which he was arrested and charged, constituted reversible error.
Under Florida decisions that testimony was admissible. Roberts v. State, 94 Fla. 149, 113 So. 726; Autrey v. State, 94 Fla. 229, 114 So. 244, 245; Handley v. State, 125 Fla. 632, 170 So. 748, 753; Edwards v. State, 155 Fla. 550, 20 So.2d 916; Albano v. State, Fla. 1956, 89 So.2d 342, 344.
In Albano v. State, supra, the Supreme Court of Florida said:
"* * * this court has committed itself to the rule that when one in custody accused of a crime has full liberty to speak and remains silent in the presence of accusations of his guilt, then evidence of such silence may be considered with other facts and circumstances established by evidence as tending to show guilt. While silence alone certainly raises no legal presumption of guilt, its effect is for the jury which under proper instructions may consider it in connection with other facts and circumstances as some evidence of guilt. * * *"
However, in the Miranda case, decided June 13, 1966,[1] the Supreme Court of the United States held contrary to the Florida rulings on that point and supplemented the holding with a footnote which contained the following:
"* * * In accord with our decision today, it is impermissible to penalize an individual for exercising his Fifth Amendment privilege when he is under police custodial interrogation. The prosecution may not, therefore, use at trial the fact that he stood mute or claimed his privilege in the face of accusation." [Emphasis supplied.]
Further in the opinion in Miranda the Court said: "* * * No distinction can be drawn between statements which are direct confessions and statements which amount to `admissions' of part or all of an offense. The privilege against self-incrimination protects the individual from being compelled to incriminate himself in any manner; it does not distinguish degrees of incrimination."
This case was tried on June 21, 1966, after the effective date of the Miranda decision.[2] Therefore, we must give due consideration to the views expressed by the Supreme Court of the United States in Miranda relating to the matter involved here.
We reject the arguments of the state that by taking the stand and testifying with reference to the transaction the defendant waived the point, and that the absence of an objection erased it as a subject of review. Failure to object at trial will not prevent review of the propriety of introduction of evidence, the admission of which constitutes fundamental error (Rule 3.7(i) F.A.R. 31 F.S.A.), or, in a criminal case, when the appellate court deems it to be in the interests of justice that it be reviewed. Rule 6.16(a) F.A.R. See Custer v. State, 159 Fla. 574, 34 So.2d 100, 112; Barnes v. State, Fla. 1952, 58 So.2d 157; Florio v. State ex rel. Epperson, Fla.App. 1960, 119 So.2d 305, 309, 80 A.L.R.2d 1117; Pittman v. Roberts, Fla.App. 1960, 122 So.2d 333; 2 Fla.Jur. Appeal & Error, § 87.
Notwithstanding the fact that the evidence, aside from the testimony complained of, was sufficient to have supported a conviction, we are of the opinion that the administration of justice would best be served in this case by holding that the testimony *577 in question, interdicted by Miranda, was improperly received, and that the resultant error was fundamental.[3]
Accordingly the judgment is reversed, and the cause is remanded for new trial.
NOTES
[1] Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 694, 10 A.L.R.3d 974.
[2] See Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882.
[3] See Commonwealth v. Dravecz, Pa., 227 A.2d 904. Cf. Commonwealth ex rel. Shadd v. Meyers, 423 Pa. 82, 223 A.2d 296.