WALDEN, Judge.
Defendant was convicted of second degree murder and duly sentenced. He appeals. We reverse.
The warning requirements of Miranda v. State of Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, are well known. Essentially we determine here if a confession made prior to the Miranda decision which is offered in evidence at a trial held subsequent to Miranda must meet the Miranda requirements in order to be admissible. The confession in question was received in evidence over objection despite the fact that it was not in compliance with Miranda. This was error.
Although it was impossible at the time of the arrest for the police officers to know what type of warning was required on their part, the Miranda standards are applicable to all confessions which are sought to be introduced if the trial is commenced subsequent to the Miranda decision. Johnson v. State of New Jersey, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed. 2d 882; Glover v. State, Fla.App. 1967, 203 So.2d 676. The rationale of this application of the Miranda requirements is that as of the date of the Miranda decision, the authorities were put on fair notice of the *440 requirements for valid confessions and that they should see that any confession introduced subsequent to Miranda complies with it.
Notwithstanding- the fact that there is substantial evidence of the defendant’s guilt in the record, even without the inadmissible confession, such admission constitutes fundamental error and requires reversal. Blackburn v. Alabama, 1960, 361 U.S. 199, 80 S.Ct. 274, 4 L.Ed.2d 242; Reddish v. State, Fla.1964, 167 So.2d 858; Abram v. State, Fla.App.1968, 216 So.2d 498; Jones v. State, Fla.App. 1967, 200 So. 2d 574.
The other points raised by defendant have been considered and are deemed to be without merit.
The judgment appealed is reversed and remanded for a new trial.
Reversed and remanded.
McCAIN and REED, JJ„ concur.