MILLS, Judge.
By interlocutory appeal, plaintiff seeks reversal of the trial court’s order dismissing its amended complaint.
The allegations of the amended complaint are as follows:
In 1968, the decedent deeded certain real property to the defendants. The deeds were recorded. No consideration was paid for the deeds. At all times thereafter, the *538 decedent considered the property to be her property and exercised complete control over it. The defendants never exercised any right of ownership.
In 1973, the property was sold. The decedent paid the seller’s closing costs and attended the closing along with one of the defendants. The purchaser paid for the property by giving a $9,642.34 check to each of the defendants. One of the defendants endorsed the check payable to him and delivered it to the decedent. The decedent placed this check along with the other check in her pocketbook. Several days later, the decedent died. One of the defendants removed the checks from the decedent’s pocketbook, keeping his check, and delivering the other check to its payee, the other defendant.
Plaintiff seeks to recover the value of the two checks on the theories of conversion, unjust enrichment, and constructive trust.
Plaintiff alleges that the defendants converted the checks to their own use, that the defendants are unjustly enriched, because they negotiated the checks for their own use, and that defendants hold the funds paid for the property as constructive trustees, because they held the property as constructive trustees. In further support of the constructive trust theory, it is alleged that as a result of fraud, undue influence and abuse of confidence, defendants will be unjustly enriched unless the court imposes a constructive trust on the proceeds of the checks.
The trial court properly granted the defendants’ motion to dismiss. Although the plaintiff alleges that the checks were the property of the decedent, it does not allege facts to support this conclusion. In addition, the plaintiff fails to allege facts to support its allegations of unjust enrichment, and fraud, undue influence and abuse of confidence. These factual allegations are essential. Particularly is this necessary when the allegations affirmatively indicate an inter vivos gift from the decedent to the defendants.
It should be pointed out that the trial court gave leave to plaintiff to file a second amended complaint, but plaintiff chose not to do so.
The action taken by the trial court is affirmed, and the interlocutory appeal is dismissed.
McCORD, Acting C. J., and SMITH, J., concur.