CHARLES CARROLL, Associate Judge
(concurring specially).
I concur in the opinion and judgment of the court. I recognize the need to follow Bennett v. State, Fla.1975, 316 So.2d 41, and hold that reversible error resulted when the state produced testimony that the accused, in custody and aware of his right to remain silent, availed himself of that right and stated he did not want to talk to the officers, even though there was no showing that his election to remain silent was made in face of an accusation, or under other circumstances of such character that to then remain silent would amount to an admission against interest, constituting self-incriminating evidence of guilt. I agree that the harmless error rule here obviates reversal for such error.
However, I take the liberty to state reasons why, in my opinion, the foregoing incident should not be regarded as reversible error.[1] The constitutional rights of an accused in custody, as outlined in Miranda[2] (including the right to have an attorney; to remain silent; to refuse to submit to custodial interrogation unless in presence of his attorney; and to retain his constitutional rights rather than to waive them), are granted to an accused by fundamental law for his benefit and protection, including his protection against self-incrimination.
It would appear that the bare fact that an accused chose to avail himself of the rights thus granted to him, or of any one of such rights, should not be regarded as self-incriminating evidence of his guilt of the offense for which he was arrested. I cannot consider that an accused who informs an officer that he chooses not to submit to custodial interrogation thereby has been “compelled to incriminate himself”, or thereby has furnished evidence of guilt by remaining silent.
*411 It is materially different matter when the exercise of the right (such as the right to remain silent), is made in face of an accusation, or otherwise is made under circumstances which are of such character that to remain silent in face thereof would be tantamount to a self-incriminating admission, and evidence of guilt.[3] That is precisely what occurred in Jones v. State, Fla.App.1967, 200 So.2d 574. In that case, a short time after a purse snatching incident the accused was arrested on the basis of a description given by the victim, and was warned of his rights. He was returned to the scene of the offense in custody of the officers, and there in face of a statement by the victim, made in his presence, that he was the man who took her purse, the accused stood mute. Testimony presented by the state that such had occurred was held to be reversible error under Miranda.
In Bennett, citing Jones as authority, it was held to be reversible error for the state to produce testimony that an accused, after having been arrested and warned of his rights, had refused a request of the officers that he sign a written waiver of his rights. In that case it was not shown that the election of the accused to avail himself of his granted constitutional rights was made in face of an accusation, or under circumstances whereby his election could operate as admission against interest constituting evidence of his guilt.,
In Miranda, after stating it is impermissible to penalize an individual for exercising his Fifth Amendment privilege when he is under police custodial interrogation, the Supreme Court of the United States said: “[T]he prosecution may not, therefore, use at trial the fact that he stood mute or claimed his privilege in face of accusation”, and further said: “[T]he privilege against self-incrimination protects the individual from being compelled to incriminate himself in any manner”. (Emphasis supplied).
The choice of an accused not to waive the rights granted by fundamental law for his protection, including protection against self-incrimination, should not be regarded as an admission of guilt or as being evidence of his guilt. Exercise of his rights by an accused should not operate to bring about any injurious result, for his protection against which the right was granted.
If refusal of an accused to waive his rights or to submit to custodial interrogation is not to be regarded as evidence of his guilt, then testimony that he did so, if presented by the state, would not be a showing of guilt of the accused by self-in-erimination, and should not be ground for reversal. On the other hand, when the exercise of the right is under conditions which may be such that for the accused to have done so in face thereof would amount, under the law, to a self-incriminating admission constituting evidence of guilt, it would be prejudicial, and reversible error for the state to show that such had occurred, since that would be action by the state penalizing the accused for having exercised his Fifth Amendment privilege. It would appear the former would apply to Bennett, and that the latter situation applies to Jones.
To hold otherwise could influence an appellate court to regard it to be reversible error whenever, on trial of an accused, the state should happen to present evidence that an accused while in custody had made known his desire to avail himself of one or more of the constitutional rights granted to him for his use and protection.

. See Hoffman v. Jones, Fla. 1973, 280 So.2d 431, 434.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

. For example, as when one co-defendant upon custodial interrogation, in the presence of the other, implicates the other.