360 So.2d 760 (1978)
Harvey Robert WILLINSKY, Petitioner,
v.
The STATE of Florida, Respondent.
No. 49330.
Supreme Court of Florida.
April 5, 1978.
Rehearing Denied July 20, 1978.
*761 Thomas A. Wills, of Law Offices of Philip Carlton, Jr., Miami, for petitioner.
Robert L. Shevin, Atty. Gen., Tallahassee, Charles W. Musgrove, Asst. Atty. Gen., Tallahassee, and Margarita Esquiroz, Asst. Atty. Gen., Miami, for respondent.
ADKINS, Justice.
By petition for certiorari we have for review a decision of the District Court of Appeal, Third District, (Willinsky v. State, 328 So.2d 537 [Fla. 3d DCA 1976]), which allegedly conflicts with a prior decision of this Court (Bennett v. State, 316 So.2d 41 [Fla. 1975]) and a prior decision of the Third District Court of Appeal (Jones v. State, 200 So.2d 574 [Fla. 3d DCA 1967]) on the same point of law. Article V, Section 3(b)(3), Florida Constitution.
Petitioner, hereinafter referred to as the defendant, was charged by information with the unlawful sale of cocaine and unlawful possession of cocaine. The jury found him guilty of the sale of cocaine and the possession of cocaine. The conviction was affirmed on appeal. The opinion of the District Court refers to a question asked by the prosecutor wherein he sought information as to whether defendant told the same story at the preliminary hearing. The court held that if error did arise during the cross-examination, it was harmless.
The following occurred during the cross-examination of the defendant by the prosecutor:
"Q You didn't tell anybody at the preliminary hearing what you're saying today?
MR. FRIEDMAN: Objection.
THE COURT: Grounds?
May I have the attorneys at a side bar?
(Thereupon the following conference was had at side bar.)
MR. FRIEDMAN: He cannot testify about any statement to her failure to testify, or any statement to his failure to testify at preliminary hearing, it's a violation against self incrimination, for failure to testify in the past, and that is well protected.
THE COURT: Is there anything else?
MR. FRIEDMAN: No.
THE COURT: What have you got to say?
MR. DRUCKER: We would cite the case of State versus Hyanus (phonetic) which says 
THE COURT: Let me read this.
MR. FRIEDMAN: I take 
THE COURT: Overruled.
(Thereupon the following proceedings were had in open court.)
BY MR. DRUCKER:
Q Mr. Willinsky, you never told anybody at the preliminary hearing this story, did you?
A I never had a chance to testify in my preliminary hearing, but the young lady was there, in fact, Miss Danzinger."
This is obviously a comment on the failure of the defendant to testify at the preliminary hearing. It was an effort on the part of the prosecutor to discredit or prejudice the defendant by suggesting that he failed to give a statement at the preliminary hearing.
In Simmons v. State, 139 Fla. 645, 190 So. 756 (1939), the prosecutor asked defendant if he had testified at the preliminary hearing and at a habeas corpus hearing. The defendant answered that he did not. Subsequently, the prosecutor commented on the failure of the defendant to testify. No objection was made by the defendant. The Court, in discussing Section 8385, Compiled *762 General Laws 1927, which contained provisions similar to present Fla.R.Crim.P. 3.250, stated:
"This statute applies to comment on the failure of the accused to testify at a preliminary hearing, an application for bail, a habeas corpus hearing or a former trial, as well as his failure to testify in the present trial. Annotations, 68 A.L.R. 1153; 84 A.L.R. 790; 16 C.J. Criminal Law, Sec. 2247, p. 901.
"...
"A verdict will not be set aside by an appellate court because of the improper remarks of counsel or because of any omission of the judge to perform his duty in the matter unless objection be made at the time of their utterance. This rule is subject to the exception that, if the improper remarks are of such character that neither rebuke nor retraction may entirely destroy their sinister influence, in such event a new trial should be awarded regardless of the want of objection or exception. Akin v. State, 86 Fla. 564, 98 So. 609; Rowe v. State, supra [87 Fla. 17, 98 So. 613]; Carlile v. State, 129 Fla. 860, 176 So. 862.
"We hold that calling the attention of the jury, by the prosecuting officer of the state, to the failure of the accused to testify in his own behalf at any preliminary proceeding or the present trial, no matter how innocently it may be done, comes within the exception and deprives the defendant of the protection the statute was intended to secure, and of his constitutional right to a fair and impartial trial. Rowe v. State, supra; Jackson v. State, 45 Fla. 38, 34 So. 243, 3 Ann.Cas. 164; Annotations, 68 A.L.R. 1108; 84 A.L.R. 785."
In State v. Hines, 195 So.2d 550 (Fla. 1967), we expressly repudiated the rule in Simmons to the extent that it was reversible fundamental error for the prosecution to comment on failure of the accused to testify in an earlier proceeding. The district court decision, following Simmons, supra, was quashed and this Court held it was not reversible error to disclose the silence of the defendant at a preliminary hearing. Justice Thornal dissented, saying:
"I would approve the decision of the District Court on the authority of Simmons v. State, 139 Fla. 645, 190 So. 756. I feel that the rule there announced is more nearly consistent with precedent and the Constitution." State v. Hines, supra, p. 551.
Impeachment by disclosure of the legitimate exercise of the right to silence is a denial of due process. It should not be material at what stage the accused was silent so long as the right to silence is protected at that stage. The language in Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976) and United States v. Hale, 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975), although set in the context of silence at arrest, reflects a general policy. The essence of these holdings is that impeachment by disclosure of the exercise of the right to silence is a denial of due process. The general terms used by the Supreme Court of the United States are not limited to arrest, but apply at any stage where the right to silence is protected. This Court adopted these views by accepting jurisdiction in State v. Galasso, 217 So.2d 326 (Fla. 1968) on the basis of conflict between Galasso v. State, 207 So.2d 45 (Fla. 4th DCA 1967) and State v. Hines, supra. In State v. Galasso, supra, this Court said:
"... on its face the decision of the District Court of Appeal is clearly and admittedly in direct conflict on the same point of law with the decision of this Court in State v. Hines. For additional conflict see also Jones v. State, 200 So.2d 574 (Fla. 3d DCA 1967)." State v. Galasso, supra, at p. 328.
We then held that the disclosure of silence at arrest in Galasso was error, but harmless under the circumstances.
In Farmer v. State, 326 So.2d 32 (Fla. 4th DCA 1976), the prosecutor brought out on cross-examination that defendant had remained silent at a preliminary hearing. The Court recognized that this was improper but said:

*763 "Defendant's counsel initially objected, but then withdrew the objection, apparently because he intended to show on redirect examination that appellant's silence at the preliminary hearing was the result of advice of counsel. There was no motion for a mistrial, no motion to strike this testimony, nor any motion for the court to instruct the jury to disregard such testimony. In short, there was no judicial error, and we are not inclined to hold it as fundamental error in view of defense counsel's tactical decision to withdraw his objection." Farmer v. State, supra, at p. 33.
We hold that disclosure of accused's silence at the preliminary hearing is error. We must now decide whether the harmless error rule should be applicable. It is well settled that the harmless error rule is not applicable where the prosecutor discloses the silence of the accused at an arrest. Bennett v. State, 316 So.2d 41 (Fla. 1975); Shannon v. State, 335 So.2d 5 (Fla. 1976). We now hold that the harmless error rule is not applicable to disclosure of the accused's silence at the preliminary hearing. Jones v. State, 200 So.2d 574 (Fla. 3d DCA 1967); Bennett v. State, supra; Shannon v. State, supra; Martin v. State, 334 So.2d 841 (Fla. 4th DCA 1976); Lucas v. State, 335 So.2d 566 (Fla. 1st DCA 1976); Farese v. State, 328 So.2d 548 (Fla. 1st DCA 1976); Carter v. State, 335 So.2d 875 (Fla. 4th DCA 1976); Bostic v. State, 332 So.2d 349 (Fla. 4th DCA 1976); Mansfield v. State, 338 So.2d 857 (Fla. 3d DCA 1976) and Davis v. State, 342 So.2d 987 (Fla. 3d DCA 1977).
The decision of the District Court in the case sub judice conflicts with those decisions and we have jurisdiction. Article V, Section 3(b)(3), Florida Constitution.
In our opinion, the rule in Simmons v. State, supra, was correct. The reinstatement of this rule has in its favor the simplicity of operation and serves as an additional inducement to prosecutors and law enforcement officers when giving testimony to follow the dictates of Simmons, supra, by taking from them all hope that any useful advantage would be gained by intimating that defendant exercised his right to remain silent during any preliminary stage of the proceedings.
The decision of the District Court of Appeal is quashed and the cause is remanded with instructions to further remand same to the trial court for the purpose of granting a new trial.
It is so ordered.
BOYD, HATCHETT and KARL, JJ., concur.
OVERTON, C.J., concurs in result only.
On consideration of the petition for rehearing filed by Respondent,
IT IS ORDERED by the Court that said petition be and the same is hereby denied.
ADKINS, Acting C.J., and BOYD, OVERTON and HATCHETT, JJ., concur.
ALDERMAN, J., concurs specially with an opinion in the result only.
I concur in the denial of the petition for rehearing because not only was the error in this case harmful, but also counsel for defense made a contemporaneous objection to the comment on defendant's silence, which objection was overruled by the trial court.