363 So.2d 331 (1978)
James Francis CLARK, Etc., Petitioner,
v.
STATE of Florida, Respondent.
STATE of Florida, Petitioner,
v.
John C. BOSTIC, Respondent.
Nos. 50336, 49846.
Supreme Court of Florida.
July 28, 1978.
Rehearing Denied November 8, 1978.
*332 Jack O. Johnson, Public Defender, and Wayne Chalu, Asst. Public Defender, Tampa, for James Francis Clark, petitioner.
Robert L. Shevin, Atty. Gen., Tallahassee, William I. Munsey, Jr., Richard G. Pippinger and Anthony C. Musto, Asst. Attys. Gen., for State of Fla., respondent.
Robert L. Shevin, Atty. Gen., Tallahassee, Anthony C. Musto, Asst. Atty. Gen., Miami, for State of Fla., petitioner.
Richard L. Jorandby, Public Defender, and Craig S. Barnard, Asst. Public Defender, West Palm Beach, for John C. Bostic, respondent.
ALDERMAN, Justice.
We have for review the decision of the District Court of Appeal, Fourth District, in Bostic v. State, 332 So.2d 349 (Fla. 4th DCA 1976), and the decision of the District Court of Appeal, Second District, in Clark v. State, 336 So.2d 468 (Fla. 2d DCA 1976), which conflict with each other. We have jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution.
We must determine whether a contemporaneous objection is necessary to preserve as a point on appeal an improper comment on a defendant's exercise of his right to remain silent. We hold that a contemporaneous objection is necessary.
Bostic was convicted of possession of marijuana. At the time of his arrest, when he was advised of his Miranda rights, he *333 asserted his right to remain silent. The arresting officers testified at trial that Bostic had chosen to remain silent. No objections to these statements and no motion for mistrial were made by defense counsel. Bostic appealed his conviction to the District Court of Appeal, Fourth District, on the basis that the comments on his silence constituted reversible error. The State conceded that the testimony of the officers was improper but contended that Bostic had waived his right to raise this error on appeal since he failed to object. Reversing the conviction and remanding for a new trial, the District Court held that a trial objection was not required and that, under the circumstances of this case, the testimony of the arresting officers as to Bostic's choice to remain silent was harmful.
Clark was convicted of breaking and entering with intent to commit grand larceny. During the State's case, an arresting officer purportedly commented on Clark's exercise of his right to remain silent.[1] No objection was made to this testimony, and no motion for mistrial was made. In affirming the conviction, the District Court of Appeal, Second District, analyzed federal and Florida cases relating to harmless error and the contemporaneous objection rule and concluded that the interests of justice would not be served by the adoption of an absolute rule that would allow the defendant to object for the first time on appeal. Reciting that not all errors of constitutional dimension are fundamental, the District Court found that the admission of the testimony in Clark's case did not amount to fundamental error and affirmed the judgment of conviction.
The Fifth Amendment to the Constitution of the United States provides:
No person ... shall be compelled in any criminal case to be a witness against himself; nor be deprived of life, liberty, or property, without due process of law; ...
The Supreme Court of the United States, in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), construed this right to mean that the prosecution may not use at trial the fact that the defendant claimed his privilege to remain silent in the face of accusation. Indisputably, evidence of post-arrest silence is improper because it violates the defendant's right against self-incrimination. If properly preserved for appeal through objection, the admission of such testimony constitutes reversible error. Shannon v. State, 335 So.2d 5 (Fla. 1976); Bennett v. State, 316 So.2d 41 (Fla. 1975).
In the present cases, we must consider the effect of the defendant's failure to object. This issue was not decided in Shannon, Bennett or Willinsky v. State, 360 So.2d 760 (Fla. 1978), filed April 5, 1978, where timely objection had been made to the improper comments. In Bennett, we announced that the error complained of was of constitutional dimension and warranted reversal without consideration of harmless error, but we have consistently held that even constitutional errors, other than those constituting fundamental error, are waived unless timely raised in the trial court. Sanford v. Rubin, 237 So.2d 134 (Fla. 1970). "Fundamental error," which can be considered on appeal without objection in the lower court, is error which goes to the foundation of the case or goes to the merits of the cause of action. An improper comment on defendant's exercise of his right to remain silent is constitutional error, but it is not fundamental error. Cf. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976).
The Supreme Court of the United States, in Chapman v. California, supra, declined to adopt a rule that the constitutional error of comment on silence should automatically require reversal of a conviction, as petitioners therein urged. The Supreme Court announced that the test to be applied in determining whether a federal constitutional error *334 can be held harmless is whether the Court finds the error to be harmless beyond a reasonable doubt.
In Doyle v. Ohio, supra, wherein the Supreme Court held that it is unfair to allow defendant's silence to be used to impeach an explanation given by him at trial, defense counsel made timely objections to the prosecutor's questions, which objections were overruled by the trial court. The Supreme Court, however, did not preclude application of the harmless error doctrine since, in its conclusion, it emphasized that the State had not claimed that such use of petitioner's silence for impeachment purposes in the circumstances of his case might have been harmless error.
This Court has long recognized the contemporaneous objection rule. The justification for such a rule was explained in State v. Jones, 204 So.2d 515 (Fla. 1967), where, in reference to a previously recognized exception to the rule, we said:
At the present time all defendants in criminal trials who are unable to engage counsel are furnished counsel without charge. Application of the exception is no longer necessary to protect those charged with crime who may be ignorant of their rights. Their rights are now well guarded by defending counsel. Under these circumstances further application of the exception will contribute nothing to the administration of justice, but rather will tend to provoke censure of the judicial process as permitting "the use of loopholes, technicalities and delays in the law which frequently benefit rogues at the expense of decent members of society."
.....
The Court now recants the statement of the exception upon which respondent relies and henceforth will review challenged argument of prosecutors only when an objection is timely made.
More recently, in Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), the United States Supreme Court recognized the value of the contemporaneous objection rule, holding that the defendant's failure to make timely objection to the admissibility of his inculpatory statement, without a showing of cause for noncompliance with the rule or actual prejudice, barred review of his Miranda claim through federal habeas corpus. The Court said:
A contemporaneous objection enables the record to be made with respect to the constitutional claim when the recollections of witnesses are freshest, not years later in a federal habeas proceeding. It enables the judge who observed the demeanor of those witnesses to make the factual determinations necessary to properly deciding the federal constitutional question... .
Finding that the Federal Constitution and the holdings of the United States Supreme Court do not mandate the adoption of an absolute rule requiring reversal in every case where there has been an improper comment on the defendant's right to remain silent, and concluding that the application of the contemporaneous objection rule in this type of case will promote the administration of justice in the State of Florida, we determine that Bostic and Clark, because of their failure to object at trial, may not for the first time raise this issue on appeal. In reaching this decision, we hold the following:
1. Reversible error occurs in a jury trial when a prosecutor improperly comments upon or elicits an improper comment from a witness concerning the defendant's exercise of his right to remain silent. Likewise, reversible error occurs when any state, defense or court witness in a jury trial spontaneously volunteers testimony concerning the defendant's exercise of his right to remain silent.
2. In a non-jury trial, an improper comment concerning the defendant's exercise of his right to remain silent is not necessarily reversible error, and it may be disregarded by the trial courts; however, it may serve as grounds for appropriate sanctions against the offending prosecutor or witness.
3. No error occurs when defense counsel comments upon or elicits testimony concerning *335 the defendant's exercise of his right to remain silent. The same is true if defense counsel were to improperly suggest to a friendly witness that he "spontaneously" comment on the defendant's exercise of his right to remain silent so as to give him a mistrial. A defendant may not make or invite an improper comment and later seek reversal based on that comment.
4. When there is an improper comment, the defendant, if he is offended, has the obligation to object and to request a mistrial. If the defendant does not want a mistrial, he may waive his objection. The trial may then proceed, but he may not again raise that objection as a point on appeal. If the defendant fails to object or if, after having objected, he does not ask for a mistrial, his silence will be considered an implied waiver. Cf. Spenkelink v. State, 350 So.2d 85 (Fla. 1977), cert. den. 434 U.S. 960, 98 S.Ct. 492, 54 L.Ed.2d 320 (1977). The important consideration is that the defendant retain primary control over the course to be followed in the event of such error. United States v. Dinitz, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976).
5. When an objection and motion for mistrial are made, the trial court must determine whether there was an improper comment on the defendant's exercise of his right to remain silent. If the court finds that there was not, the objection should be overruled. In that event, the objection is preserved, and if the defendant is convicted, it may be raised as a point on appeal.
6. If the defendant, at the time the improper comment is made, does not move for mistrial, he cannot, after trial, in the event he is convicted, object for the first time on appeal. He will not be allowed to await the outcome of the trial with the expectation that, if he is found guilty, his conviction will be automatically reversed.
Accordingly, we uphold the result reached by the Second District in Clark and affirm the defendant's conviction, and we quash the decision of the Fourth District in Bostic and affirm the defendant's conviction.
It is so ordered.
ENGLAND, C.J., and BOYD, OVERTON, SUNDBERG and HATCHETT, JJ., concur.
ADKINS, J., dissents with an opinion.
ADKINS, Justice, dissenting.
I dissent.
Technicalities in the law should be avoided, not fostered. Our fundamental responsibility is to protect the constitutional rights of individuals, so that justice is rendered without regard to the ability of attorneys to recognize reversible error when it springs forth in the heat of a trial. The opinion of the majority seriously impairs the constitutional right of a defendant to represent himself by requiring him to exercise the same expertise as an experienced trial attorney.
The life expectancy of our decisions has been seriously reduced, as the opinion of the majority recedes from principles enunciated in Bennett v. State, 316 So.2d 41 (Fla. 1975), and Willinsky v. State, 360 So.2d 760 (Fla. 1978), filed April 5, 1978.
Fundamental error is committed when improperly admitted evidence is of such character that neither rebuke nor retraction may entirely destroy its sinister influence. The majority opinion says that if a defendant objects, but does not ask for a mistrial, his failure to seek the mistrial will be considered an implied waiver of the objection. In other words, if a question relating to the silence of accused is of such character that neither rebuke nor retraction may entirely destroy its sinister influence, the defendant will be precluded from asserting this fundamental error on appeal unless he takes the further step of moving for a mistrial. Such a rule places form above substance and is a serious deterrent to the administration of justice.
The procedure to be followed during trial as explained by the majority, has not been briefed by the attorneys and is not necessary for the determination of this case. Perhaps we can lessen the impact of the opinion by considering such procedural suggestions *336 as dicta and reconsider these principles in various cases which will surely arise under the principles enunciated by the majority.
My views are adequately stated by Justice Thornal in Gordon v. State, 104 So.2d 524 (Fla. 1958). Speaking for a unanimous court, he said:
"As early as Jackson v. State, 45 Fla. 38, 34 So. 243, this court recognized that the prosecuting officer would not be permitted comment on the failure of an accused to take the witness stand even though he does so by innuendo under the guise of disclaiming any intention of doing so. This was in 1903. We have throughout the years consistently adhered to the proposition that this is a binding and obligatory restriction placed on prosecuting officers as an aspect of due process in order to preserve to defendants the full measure of their constitutional privilege against self-incrimination.
"Since Rowe v. State, 87 Fla. 17, 98 So. 613, this court has been aligned with the courts of other states which hold that when the prosecuting officer violates this rule, the trial becomes infected with error even though no exception is taken at the time and despite the fact that the trial judge might immediately rebuke the prosecutor for the violation. For the alignment of courts on this proposition see Pollard v. State, 201 Ind. 180, 166 N.E. 654, 84 A.L.R. 779. The courts which apply the rule in this fashion do so for the reason that when the prosecutor brings to the attention of the jury the failure of a defendant to testify, he naturally gives emphasis to the fact that the defendant could have testified if he had so desired and that by failing to do so he has something to hide. Immediately there is created in the mind of the average juror an ill-founded and prohibited prejudice which cannot be erased or eradicated either by apology or by judicial admonition. Barnes v. State, Fla. 1951, 58 So.2d 157. As so aptly described by Mr. Chief Justice Terrell in Carlile v. State, 129 Fla. 860, 176 So. 862, 864, such a prejudice "clings to the mind like a tattoo on the epidermis". Ordinarily improper remarks of counsel to the jury can be remedied by appropriate instructions by the trial judge. Consequently under ordinary circumstances such inappropriate remarks will not be reviewed by an appellate court unless timely objection is made in the lower court. This rule, however, is subject to the exception that if the improper remarks are of such character that neither rebuke nor retraction may entirely destroy their sinister influence then on appeal they may be considered as error even in the absence of an objection in the trial court. Carlile v. State, supra.

"We have repeatedly held that comments by the prosecuting officer on the failure of defendants to testify come within this exception to the general rule. This is so for the reason that when the comment is made the seed of the evil result is sowed and no manner of correction will prevent its fruition into a fixed prejudice against the defendant. In Simmons v. State, 139 Fla. 645, 190 So. 756, this court reaffirmed its traditional position on this subject. Perhaps it is understandable that under the tension of a heatedly contested trial the prosecuting officer will momentarily and even in good faith violate the prescriptions of the statute. We feel certain that this was the situation in the matter before us. Likewise also it is understandable that the prosecutors as well as many others might deem the rule to be unwise and too much for the benefit of the defendant. We are not in a position to elaborate upon the merits of such a viewpoint. Our responsibility as an appellate court is to apply the law as the Legislature has so clearly announced it. We are not endowed with the privilege of doing otherwise regardless of the view which we might have as individuals. Way v. State, Fla. 1953, 67 So.2d 321. Also see Trafficante v. State, Fla. 1957, 92 So.2d 811. The harmless error statute, Section 54.23, Florida Statutes, F.S.A., does not apply to this type of error."
*337 I would quash the decision in Clark v. State, 336 So.2d 468 (Fla. 2d DCA 1976), and approve the decision in Bostic v. State, 332 So.2d 349 (Fla. 4th DCA 1976).
NOTES
[1] It is not necessary to our disposition of Clark's appeal to determine whether such testimony in fact constituted a comment on silence.