PER CURIAM.
The point presented on this appeal urges error upon a contention that the trial court “permitted the prosecutor” to elicit testimony in a criminal prosecution for (1) burglary of a conveyance (a 1967 Chevrolet Van) and (2) grand larceny (miscellaneous items of personal property), where the defendant had invoked his right to remain silent at the time of his arrest. The record shows that two statements were made by the arresting officer, one during the State’s case and the other on rebuttal. The arresting officer first stated that the defendant was read his Miranda rights and then made the statement that he “ . . . hadn’t broken out the window, but that he would wait and make further statements in court.” Neither an objection nor a motion for mistrial was made. Then, on rebuttal, the officer further testified: “He just said that they had done it and they would answer any further questions in court.” Again, there was no objection or motion for mistrial.
We need not reach the question of whether the second part of each statement was the proper subject for a mistrial because of the failure to urge error in the trial court. See the recent consolidated opinion of the Florida Supreme Court in Clark v. State and State v. Bostic, 363 So.2d 331 (Fla.1978).
Affirmed.