DANAHY, Judge.
Appellants argue that the trial court erred in denying their motion for mistrial after a witness made reference to their privilege against self-incrimination. We agree and reverse their convictions.
A Polk County grand jury indicted appellants and five others for the first degree murder of a Cypress Gardens security guard in 1974. Appellants received a separate trial at which the state’s main witness was David Mitchell. Mitchell was a participant in the burglary which led to the killing of the security guard, but the state gave him immunity in return for his testimony.
During the cross-examination of Mitchell by appellant White’s counsel, the following took place:
Q. What did you tell him?
A. I just told him I wanted a lawyer, that I didn’t know nothing about the Honeywell breaking and entering.
Q. That was a lie?
A. Yes.
Q. That’s two lies we are talking about now?
A. Well, I exercised my right to remain silent, the same thing these people are doing.
Appellant Barnes' counsel immediately objected to the testimony and moved for a mistrial. After the court removed the jury, White’s counsel joined the mistrial motion. The court then denied the motion and trial continued with the jury returning verdicts of guilty as charged.
In Clark v. State, 363 So.2d 331, 334 (Pla. 1978) our supreme court held, “[Rejversible error occurs when any state, defense, or court witness in a jury trial spontaneously volunteers testimony concerning the defendant’s exercise of his right to remain silent.” At 334. Clearly, then, Mitchell’s statement, “Well, I exercised my right to remain silent, the same thing these people are doing,” constituted reversible error. Defense counsel did not solicit the remark, and it certainly was a reference to appellants’ right to remain silent. Moreover, counsel correctly preserved the point for appeal by objecting and moving for a mistrial. Clark v. State, supra.
We note that appellant Barnes has already had two mistrials, and we believe it is unfortunate that the state will have to try him a fourth time. This is particularly so since the state did not create the error upon which we must reverse. Yet the mandate of Clark is clear, and it is our duty to protect the legitimate rights of defendants in the criminal justice system. We think, however, that there is a lesson to be learned from this case, namely, that a prosecutor must always carefully warn witnesses not to make any reference to a defendant’s right to remain silent.
We have considered appellants’ other point and find it to be without merit. We remand this case for a new trial for both appellants.
OTT, Acting C. J., and RYDER, J., concur.