418 So.2d 984 (1982)
Willie Clayton SIMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 49681.
Supreme Court of Florida.
April 8, 1982.
Rehearing Denied September 15, 1982.
Richard L. Jorandby, Public Defender, Craig S. Barnard, Chief Asst. Public Defender, and Jerry L. Schwarz, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., and Miguel A. Olivella, Asst. Atty. Gen., Tallahassee, for appellee.
ADKINS, Justice.
We have before us a direct appeal from a judgment imposing the death sentence upon Willie Clayton Simpson. Jurisdiction is pursuant to article V, section 3(b)(1), Florida Constitution.
The facts are that officer John Kennedy of the Delray Beach Police Department was shot to death during the early morning hours of August 10, 1974. Appellant was indicted for the murder of officer Kennedy and was found guilty by a jury of first-degree murder on March 10, 1976. The jury subsequently returned an advisory sentence of death. On May 17, 1976, appellant was adjudicated guilty and sentenced to death.
Appellant raises numerous issues on appeal, however, we find one to be dispositive of the entire matter. Appellant argues that it was harmful error for the prosecutor to elicit from him during cross-examination, testimony concerning his failure to testify before the grand jury investigating this crime, and that the prosecutor's reference during closing argument to such failure to testify was equally harmful.
We agree. The position of this Court with respect to the Fifth Amendment right to silence is quite clear. In the case of Jones v. State, 200 So.2d 574 (Fla.3d DCA 1967), the district court quoted from Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), as follows:

*985 "In accord with our decision today, it is impermissible to penalize an individual for exercising his Fifth Amendment privilege when he is under police custodial interrogation. The prosecution may not, therefore, use at trial the fact that he stood mute or claimed his privilege in the face of accusation." [Emphasis supplied.] "No distinction can be drawn between statements which are direct confessions and statements which amount to `admissions' of part or all of an offense. The privilege against self incrimination protects the individual from being compelled to incriminate himself in any manner; it does not distinguish degrees of incrimination."
200 So.2d at 576.
We cited Jones in Bennett v. State, 316 So.2d 41 (Fla. 1975), and used it as the basis for our decision. In Bennett, the defendant moved for a mistrial because a state witness told the jury that defendant refused to sign a waiver of his Miranda rights. The trial court denied the motion and instructed the jury to disregard the improper testimony. We held this to be reversible error for the reasons discussed in Jones.
In Willinsky v. State, 360 So.2d 760 (Fla. 1978), defendant was on trial for the unlawful possession and sale of cocaine. During cross-examination of the defendant the prosecutor made what was an obvious comment on defendant's failure to testify at a preliminary hearing. We said in Willinsky that:
Impeachment by disclosure of the legitimate exercise of the right to silence is a denial of due process. It should not be material at what stage the accused was silent so long as the right to silence is protected at that stage. The language in Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976) and United States v. Hale, 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975), although set in the context of silence at arrest, reflects a general policy. The essence of these holdings is that impeachment by disclosure of the exercise of the right to silence is a denial of due process. The general terms used by the Supreme Court of the United States are not limited to arrest, but apply at any stage where the right to silence is protected.
360 So.2d at 762.
Appellee argues that the issue of the prosecutor's improper comments on defendant's right to remain silent is waived because it was not properly preserved for appellate review. Two bases are given for this argument: 1) Clark v. State, 363 So.2d 331 (Fla. 1978), holds that as a matter of law, without a motion for mistrial, appellate review of the instant issue is waived; and 2) appellant did not litigate the precise ground argued herein in support of his objection.
As to the first basis, Justice Alderman made very clear in Clark that we were considering the effect of the defendant's failure to object. This issue was not decided in Bennett or Willinsky, where timely objection had been made to the improper comments. There is no question in the instant case about whether there was a timely objection. The trial record discloses the following exchange:
BY MR. HARPER:
Q And when Jimmy Lee Harold came to court, did you testify in that case?
A No.
MR. STARR: Now we object to this. It's immaterial, irrelevant and 
THE COURT: Overruled.
BY MR. HARPER:
Q Did you refuse to testify in that case?
A Yes, I did.
Q Did you refuse because you wanted immunity?
MR. STARR: We object to this.
* * * * * *
MR. HARPER: Jimmy Lee Harold was arrested, and he was taken to court, and you heard that testimony. And when this man was called as a witness, he said, "I will not testify against him unless you give me immunity in this case."
MR. STARR: I object to that part of the argument. It's not part of the case. *986 There's no such testimony in this record that this defendant begged for immunity  asked for immunity. He said he took the Fifth Amendment, which he has every right in the world under the Constitution of both the State and the United States to do. But there was nothing in the record of any immunity that he asked for, and we ask the Court to instruct the jury not to consider that in this argument.
THE COURT: The motion is denied. Proceed.
Under these circumstances, where clearly a timely objection to the improper comment was made by defense counsel, and where the judge unequivocally and without hesitation overruled the objections, the issue of the admission of such testimony and comments before the jury is properly preserved for appeal. It is evident that a motion for mistrial at either juncture in the trial where defense counsel's objections were overruled would have been futile. To require such a motion would be to place form above substance and would seriously hinder the administration of justice. We should seek to avoid, not foster a hypertechnical application of the law.
Clark held that a contemporaneous objection is necessary. The rule is clear that if the defendant at the time the improper comment is made fails to object, his right to object is waived and he may not raise that issue on appeal.
The secondary issue in Clark was what happens if there is a contemporaneous objection and the trial court finds that there has been an improper comment and sustains the defendant's objection. In that event, the rule is also clear. The defendant must move for mistrial if he wishes to preserve his objection, and he will not be allowed to await the outcome of the trial with the expectation that, if he is found guilty, his conviction will be automatically reversed.
But what happens, as in the present case, where the defendant's contemporaneous objection is overruled by the trial judge? In Clark we said:
When an objection and motion for mistrial are made, the trial court must determine whether there was an improper comment on the defendant's exercise of his right to remain silent. If the court finds that there was not, the objection should be overruled. In that event, the objection is preserved, and if the defendant is convicted, it may be raised as a point on appeal.
363 So.2d at 335.
This is a correct statement of the law as far as it goes, but it does not tell us what happens if the defendant's objection is overruled and he does not ask for a mistrial. The reason for requiring the defendant to contemporaneously ask for a mistrial when his objection has been sustained does not exist when his objection has been overruled. In overruling his objection, the trial court determines that there was not an improper comment on the defendant's exercise of his right to remain silent. Having made that determination, there would be no basis for the trial court to grant a mistrial even if the defendant were to ask for one. At that point, the defendant, by his contemporaneous objection, has done all that he is required to do to bring the alleged error to the attention of the trial court. No purpose would be served by requiring a futile motion for mistrial after the trial court has already overruled the defendant's contemporaneous objection. In that situation, the objection is preserved, and if the defendant is convicted, it may be raised as a point on appeal.
In the present case, the defendant's timely objections to the improper comments were overruled. For the reasons stated above, it was not necessary that he also move for mistrial. His objections were preserved, and since the improper comments constitute reversible error, he is entitled to a new trial.
As to appellee's second basis, that appellant did not litigate the precise ground argued here in support of his objection at trial, we find no support for this position in the record. Defense counsel adequately set forth at trial the grounds argued herein.
*987 We hold that where a timely objection is made to an improper comment concerning defendant's right to remain silent, and the objection is overruled, thus rendering futile a motion for mistrial, the issue of the admission of such comment is properly preserved for appeal.
The decision of the circuit court is reversed and remanded for the purpose of granting a new trial.
It is so ordered.
SUNDBERG, C.J., and BOYD, OVERTON, ALDERMAN and McDONALD, JJ., concur.