WENTWORTH, Judge.
Appellant seeks review of a conviction of armed kidnapping and sexual battery. We find that appellant has presented no point of reversible error and affirm the decision of the lower court.
During the closing arguments at trial the prosecutor distributed copies of the Florida Standard Jury Instructions on Criminal Law, § 3.01, referring to principals. After each member of the jury had a copy the defense counsel objected and moved for a mistrial. The trial court denied the motion and the prosecutor collected the copies at the end of his discussion on principals.
In order to preserve a point for appeal generally, a contemporaneous objection must be made at the time of the asserted error. Clark v. State, 363 So.2d 331 (Fla.1978); Simpson v. State, 418 So.2d 984 (Fla.1982).
In the case at bar, defense counsel had ample opportunity to object to the distribution of the jury instructions before the process was completed and each member of the jury had received a copy. Unlike an oral statement, the distribution was clearly not an instantaneous occurrence and the harm may have been prevented had a timely objection been made. The defense counsel’s failure to object until after the material in question had reached the jury was essentially an invitation to allow the harm to occur. Thus, although the material perhaps should not, upon proper objection, have been allowed to reach the jury, the defendant failed to preserve the point for appeal.
We find no error with respect to the exercise of discretion on challenged rulings restricting inquiry into the victim’s prior consensual sexual activity and alleged drug and alcohol use, nor with respect to denial of continuance absent a showing of prejudice from amendment of the information.
We affirm.
THOMPSON and WIGGINTON, JJ., concur.