## DECKER v STATE OF FLORIDA
### Case No. 84-1754-AC-A
Fifth Judicial Circuit, Marion County
July 31, 1985

### APPEARANCES OF COUNSEL

**Stephen K. Johnson,** for appellant.

**James W. Phillips,** for appellee.

Before Angel, Swigert, Lockett, JJ.

### OPINION OF THE COURT

CARVEN D. ANGEL, Circuit Judge.

The Defendant appeals conviction for false report of a crime, to wit: sexual battery, challenging for the first time on appeal admission of a confession.

At 2:00 PM on February 6, 1984, the Defendant reported to the Marion County Sheriff's Office that she was choked and forcibly raped at 11:30 PM on February 5, 1984. After talking to the alleged rapist and reviewing the Defendant's report to the Rape Crisis Center, Deputy Blair discovered discrepancies with the Defendant's initial complaint. In her initial complaint she denied having sex after the

incident, denied being under the influence, stating "No, I don't drink," and failed to say anything about going to a Wildwood bar with the alleged rapist. On February 7, 1984, the Defendant admitted to Deputy Blair that she had sex with her boyfriend after the incident and before her examination at the hospital and that she had had numerous drinks with the alleged rapist at a Wildwood bar before the incident. However, she still insisted that she was raped.

Because the Defendant insisted that she was raped, Deputy Blair arranged a further interview with Jimmy Polk, an accountant at the Sheriff's Operation Center, on February 17, 1984. After being asked three times whether she lied in her initial complaint, she told Jimmy Polk that she did, she was not raped and she consented.

Jimmy Polk called Deputy Blair off the road. Upon arrival at the Operations Center, Deputy Blair, after giving *Miranda* warnings, took another statement from the Defendant in which she admitted that almost her complete statement on February 6, 1984, was not true, that no force whatsoever was used, that the alleged rapist did not threaten, beat, coerce or choke her as she first reported and that she made the false report because she was afraid her boyfriend would get mad and hit her.

Deputy Blair's interviews on February 6 and February 17 were taped and transcribed. His interview on February 7 and Jimmy Polk's interview on February were not. At trial the transcripts and oral statements were admitted.

Prior to trial no motion was made to suppress any of the Defendant's statements. At trial, they were admitted without objection. The trial Judge was not requested to make preliminary findings of admissibility nor did he make any findings on his own motion. Neither the State nor the Defendant requested Standard Jury Instruction 2.04(e), nor did they object to the Judge not giving it.

On appeal the Defendant challenges for the first time admission of her statements. The Defendant contends that Jimmy Polk's interrogation was custodial, without *Miranda* warnings, and that by the manner in which it was conducted, he, and subsequently Deputy Blair, procured confessions from the Defendant that were both factually involuntary and procured by illegal means violative of *Miranda* and the Fifth and Fourteenth Amendments to the U. S. Constitution and Article I, Section 9 of the Florida Constitution. She contends that this constitutional error was fundamental error because the State's whole case stands or fails on the Defendant's confessions. We disagree.

If the State's case stood entirely on the confessions, that would be

fundamental and properly raised at trial by the Defendant's motion for directed verdict. No one can be convicted solely upon a confession, even if voluntary and legally obtained. *Jefferson v State,* 128 So.2d 132 (Fla. 1961). We find other evidence in this record sufficient to prove the corpus delecti, and therefore find no fundamental error.

We do not decide whether the procedures used here to obtain the Defendant's confession were constitutionally defective. Failure to raise this issue at trial waives it. *Clark v State,* 363 So.2d 331 (Fla. 1978), *Herzog v State,* 439 So.2d 1372 (Fla. 1983), and *Wainwright v Sykes,* 97 S.Ct. 2497, 433 U.S. 72, 53 L.Ed. 2d 594 (1977).

The Judgment and Sentence below are affirmed.

Concur: Swigert and Lockett.