COPE, Judge
(dissenting).
I respectfully dissent. At the trial S.N. took the stand and defended against the charge of aggravated battery by claiming that she acted in self-defense. S.N. stated that the victim had had a knife with which she slashed S.N.’s sweatshirt.
The State thereafter called the arresting officers to the stand. After testifying that he had seen no .slash mark on S.N.’s sweatshirt, the officer was asked, “did the wearer of the yellow shirt make any complaints to you, about being slashed?” The defense objected that, if the police in fact had any statement, it had not been produced in discovery, and also argued that the question was not relevant. The court overruled the objection and the officer answered that no complaint had been made to him. Thereafter, the second officer was called and testified, without objection, to the identical facts.
In order to preserve the objection that a question elicits an improper comment on silence, it is necessary for the defendant to make a contemporaneous objection. Simpson v. State, 418 So.2d 984, 986 (Fla. 1982), cert. denied, 459 U.S. 1156, 103 S.Ct. 801, 74 L.Ed.2d 1004 (1983). Here, the objection made by the defense did not raise the issue of impermissible comment on silence. That being so, the point is not properly preserved for purposes of appeal.
However, even assuming arguendo that the objection was specific and should have been sustained during the first officer’s testimony, the error was entirely harmless where the second officer testified without objection to the identical information. Thomas v. State, 15 F.L.W. D1338 (Fla. 4th DCA May 16, 1990); see State v. DiGuilio, 491 So.2d 1129 (Fla.1986). I would therefore affirm, notwithstanding the State’s confession of error.